## EXHIBIT A

### BID PROCEDURES ORDER

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Case No. 16-10369 (KJC) |
| | ) | |
| Sundevil Power Holdings, LLC, *et al.* | ) | Chapter 11 |
| | ) | |
| Debtors.[1] | ) | (Joint Administration Requested) |
| | ) | |

**ORDER (A) AUTHORIZING AND APPROVING BID PROCEDURES TO BE
EMPLOYED IN CONNECTION WITH THE SALE OF CERTAIN ASSETS OF THE
DEBTORS; (B) APPROVING CERTAIN BID PROTECTIONS; (C) SCHEDULING AN
AUCTION AND SALE HEARING; (D) AUTHORIZING AND APPROVING
ASSIGNMENT PROCEDURES TO BE EMPLOYED IN CONNECTION WITH THE
IDENTIFICATION AND ASSUMPTION OF CERTAIN PREPETITION CONTRACTS;
AND (E) APPROVING THE MANNER AND FORM OF NOTICE
OF THE AUCTION, SALE HEARING, AND ASSIGNMENT PROCEDURES**

THIS MATTER having come before the United States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***") upon the motion (the "***Motion***")[2] filed by Sundevil Power Holdings, LLC ("***Sundevil***") and SPH Holdco LLC (together with Sundevil, the "***Debtors***") in the above-captioned chapter 11 cases [Docket No. [__]] for entry of (i) an order pursuant to sections 105, 363, and 365 of title 11 of the United States Code (the "***Bankruptcy Code***"), Rules 2002, 6004, 6006, 9007 and 9008 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and the local rules and guidelines of this Bankruptcy Court (the "***Local Rules***"): (a) authorizing and approving bid procedures set forth in <u>Annex 1</u> hereto (the "***Bid Procedures***") to be employed in connection with a potential sale (the "***Sale***") of the Debtors' assets, wherever located, (the "***Assets***") pursuant to an auction process; (b) scheduling

---

[1]     The Debtors in these chapter 11 cases, and their respective federal tax identification numbers, are Sundevil Power Holdings, LLC (2308) and SPH Holdco LLC (7777).  The Debtors' service address is:  701 Lake Street E, Suite 300, Wayzata, Minnesota 55391.

[2]     Capitalized terms used but not otherwise defined herein are used as defined in the Motion.

an auction (the "***Auction***") and a hearing (the "***Sale Hearing***") to consider approval of the Sale: (c) authorizing and approving procedures (the "***Assignment Procedures***") to be employed in connection with the identification and assumption of certain executory contracts (the "***Assumed Contracts***") and unexpired leases (the "***Assumed Leases***"); and (d) approving the manner and form of notice of the Auction, the Sale Hearing, and the Assignment Procedures, substantially in the forms attached to the Motion as **Exhibit B** (the "***Sale Notice***") and **Exhibit C** (the "***Assumption Notice***"); and (ii) an order (the "***Sale Order***") substantially in the form attached to the Motion as **Exhibit D** approving the Sale free and clear of all liens, claims, encumbrances and interests and the assignment of the Assumed Contracts and Assumed Leases; and it appearing that the Bankruptcy Court has jurisdiction over this matter; and it appearing that due notice of the Motion as set forth therein is sufficient under the circumstances, and that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is in the best interests of the Debtors and their estates and creditors; and upon all of the proceedings had before the Bankruptcy Court; and after due deliberation and sufficient cause appearing therefor,

NOW, THEREFORE, THE BANKRUPTCY COURT HEREBY FINDS AND CONCLUDES THAT:[3]

A.    This Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

B.    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) (A), (N), and (O). Venue is proper in this District and this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[3]    Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact, as appropriate, pursuant to Bankruptcy Rule 7052.

84605864.1

C.      Good and sufficient notice of the Motion and the relief sought therein has been given under the circumstances, and no other or further notice is required except as set forth herein with respect to the Auction and Sale Hearing.  A reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to parties-in-interest.

D.      The Debtors have articulated good and sufficient reasons for, and the best interests of the estates, creditors, and other parties in interest and stakeholders will be served by, this Bankruptcy Court granting certain of the relief requested in the Motion, including approval of (1) the Bid Procedures, (2) the Assignment Procedures, and (3) the form, timing, and manner of notice of the proposed Sale, the Bid Procedures, the Assignment Procedures, and the other matters described herein, including the Sale Notice and the Assumption Notice.

E.      Under the circumstances, the Bid Procedures are reasonably designed to maximize the value to be achieved for the Assets and, in light of the extensive prior marketing of the Assets by the Debtors, the Bid Procedures constitute a reasonable, sufficient, adequate, and proper means to provide any potential competing bidders with an opportunity to submit and pursue higher and better offers for all or substantially all of the Assets.

F.      The Sale Notice is reasonably calculated to provide parties in interest with proper notice of the potential sale of the Assets, the related Bid Procedures and the Sale Hearing.

G.      The Assumption Notice is reasonably calculated to provide all counterparties to the Assumed Contracts and Assumed Leases with proper notice of the potential assumption, assignment, transfer, and/or sale of their executory contracts or unexpired leases, and the amounts necessary to cure defaults and/or to provide compensation or adequate assurance of compensation for actual pecuniary loss resulting from a default prior to the Petition Date under

each of such Assumed Contracts, and Assumed Leases determined by the Debtors (such amounts, "***Cure Payment Liabilities***") relating thereto and the Assignment Procedures.

H.      The Motion and this Order comply with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

I.      Due, sufficient, and adequate notice of the relief granted herein has been given to parties in interest.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      All objections to the entry of the Bid Procedures Order not otherwise withdrawn, waived or settled, and all reservations of rights included therein, hereby are overruled and denied on the merits.

3.      The Bid Procedures are hereby approved and shall govern the bidding and the Auction with respect to the Sale of the Debtors' Assets.

4.      Each Qualified Bidder participating at the Auction will be required to confirm that it has not engaged in any collusion with respect to the bidding or the Sale.  All Qualified Bidders at the Auction shall be deemed to have consented to the core jurisdiction of the Bankruptcy Court and waived any right to a jury trial in connection with any disputes relating to the Auction, and the construction and enforcement of each Qualified Bidder's contemplated transaction documents, as applicable.

5.      Providing the proposed Bid Protections to any Stalking Horse Bidder, substantially as proposed in the Motion, is hereby approved in all respects.  If any obligations with respect to a breakup fee become due and owing, such amounts shall be paid solely from the

84605864.1

proceeds of the sale of the applicable Assets to the applicable Successful Bidder at the closing of the sale transaction, and satisfied as a super-priority administrative expense, and subject to typical conditions and limitations.

6.      The Auction will be conducted openly and all creditors will be permitted to attend.  Bidding at the Auction will be transcribed or videotaped.  Absent irregularities in the conduct of the Auction, or reasonable and material confusion during the bidding, the Bankruptcy Court will not consider bids made after the Auction has been closed.

7.      The Sale Hearing shall be held on _____, 2016 at _:00 _.m. before the Honorable _____, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, 824 N Market St, 3rd Floor, Wilmington, Delaware 19801.  The Sale Hearing may be adjourned from time to time as permitted by the Bid Procedures without further notice other than an announcement by the Debtors in the Bankruptcy Court of such adjournment on the date scheduled for the Sale Hearing.

8.      The form of Sale Notice substantially in the form annexed to the Motion as **Exhibit B** is hereby approved.  The Debtors shall serve (by first class mail, postage prepaid) within two (2) business days  after entry of this Bid Procedures Order (the "***Mailing Deadline***"), the Sale Notice upon the following parties: (a) the Office of the United States Trustee for the District of Delaware; (b) the applicable state and local taxing authorities; (c) the Internal Revenue Service; (d) the Securities & Exchange Commission; (e) the United States Attorney General/Antitrust Division of Department of Justice; (f) each of the non-Debtor counterparties to the Assumed Contracts and Leases that have been identified; (g) counsel to the DIP Agent and the Prepetition Agent; and (h) all entities who are known to possess or assert a claim against the Debtors (collectively, the "***Notice Parties***").  In addition, on the Mailing Deadline, or as soon as

**Page 5**

practicable thereafter, the Debtors shall place the Sale Notice on the website of the Debtors' claims and noticing agent, Garden City Group, LLC.

9.      Notice as set forth in the preceding paragraph shall constitute good and sufficient notice of the Motion as it relates to the Debtors' request for entry of the Sale Order, the Auction, and the Sale Hearing, and no other or further notice of the Motion, the Auction, and/or the Sale Hearing shall be necessary or required.

10.     Responses or objections, if any, to the entry of the Sale Order (except for the limited exceptions described below) shall be filed with this Bankruptcy Court and served, so as to be actually received no later than _____, 2016 at 4:00 p.m. (prevailing Eastern time) on: (a) counsel to the Debtors, Drinker Biddle & Reath, LLP, 222 Delaware Avenue, Suite 1400, Wilmington, Delaware 19801 (Attn: Steven Kortanek (Steven.Kortanek@dbr.com) and Howard A. Cohen (Howard.Cohen@dbr.com)), Vinson & Elkins LLP, 666 Fifth Avenue, 26th Floor, New York, New York 10103-0040 (Attn: David S. Meyer (dmeyer@velaw.com)) and Vinson & Elkins LLP, Trammell Crow Center, 2001 Ross Avenue, Suite 3700, Dallas, Texas 75201-2975 (Attn: Paul E. Heath (pheath@velaw.com)); (b) counsel to the DIP Agent and Prepetition Agent, White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036-2787 (Attn: Scott Greissman (sgreissman@whitecase.com) and Andrew Zatz (azatz@whitecase.com)); (c) counsel for the Official Committee of Unsecured Creditors, _____ (Attn: _____); and (d) the Office of the United States Trustee for the District of Delaware, _____ (Attn: _____) (collectively, the "***Notice Parties***").

11.     Responses or objections, if any, related solely to (a) the Successful Bidder or (b) the ability of the Successful Bidder to provide adequate assurance of future performance of an Assumed Contract or Assumed Lease shall be filed with this Bankruptcy Court and served, so as

to be actually received no later than _____, 2016 at 4:00 p.m. (prevailing Eastern time) on

the Notice Parties.

12.    The Debtors are authorized and empowered to take such steps, incur and pay such

costs and expenses, and do such things as may be reasonably necessary to fulfill the notice

requirements established by this Bid Procedures Order.

13.    The following Assignment Procedures shall govern the assumption and

assignment of the Assumed Contracts and Assumed Leases in connection with the Sale of Assets

to the Successful Bidder:

> a.    Not later than two (2) days after the entry of the Bid Procedures
> Order, the Debtors shall file with the Bankruptcy Court a list identifying the
> Assumed Contracts and Assumed Leases and the Cure Payment Liabilities.  If the
> Debtors identify additional executory contracts or unexpired leases that might be
> assumed by the Debtors and assigned in connection with the Sale not set forth in
> the original Assumption Notice, the Debtors shall promptly send a supplemental
> notice to the applicable counterparties to such additional executory contracts and
> unexpired leases and file the same with the Bankruptcy Court.  The Debtors shall
> serve all counterparties to all Assumed Contracts and Assumed Leases with the
> Assumption Notice, specifically stating that the Debtors are or may be seeking the
> sale, assumption, and assignment of the Assumed Contracts and Assumed Leases
> and notifying such parties of the deadlines for (i) objecting (a "***Cure/Assignment
> Objection***") to the amount of any Cure Payment Liability related to such Assumed
> Contracts and Assumed Leases, which deadline shall be no less than three (3)
> days prior to the Bid Deadline (the "***Cure/Assignment Objection Deadline***") and
> (ii) objecting to the ability of the Successful Bidder to provide adequate assurance
> of future performance of an Assumed Contract or Assumed Lease (an "***Adequate
> Assurance Objection***"), which deadline shall be no less than two (2) days prior to
> the Sale Hearing (the "***Adequate Assurance Objection Deadline***" and, together
> with the Cure/Assignment Objection Deadline, the "***Cure/Adequate Assurance
> Objection Deadlines***").    A Cure/Assignment Objection and/or Adequate
> Assurance Objection must be filed with the Bankruptcy Court and served on the
> Notice Parties so as to be received no later than the applicable Cure/Adequate
> Assurance Objection Deadline.    Failure to file and serve an objection in
> accordance with this paragraph (i) will forever bar the non-debtor counterparty
> from objecting to the Cure Payment Liabilities or provision of adequate assurance
> of future performance and from asserting any additional cure or other amounts
> with respect to the Assumed Contracts and Assumed Leases and the Debtors shall
> be entitled to rely solely upon the Cure Payment Liabilities and (ii) if the
> Assumed Contract or Assumed Lease was identified as an asset to be purchased

pursuant to the Sale, the non-debtor counterparty will be deemed to have consented to the assumption, assignment, transfer, and/or sale of such Assumed Contract and Assumed Lease and will be forever barred and estopped from asserting or claiming against the Debtors or the Successful Bidder (or any other assignee of the relevant contract, lease or right) that any additional amounts are due or defaults exist, or conditions to assumption, assignment, transfer, and/or sale must be satisfied, under such contract, lease or right.  If a Cure/Assignment Objection challenges a Cure Payment Liability, the objection must set forth the cure amount being claimed by the objecting party (the "***Claimed Cure Amount***") with appropriate documentation in support thereof.    Upon receipt of a Cure/Assignment Objection, the Successful Bidder (on behalf of the Debtors' estates) may hold an amount equal to the Claimed Cure Amount in reserve, pending further order of the Bankruptcy Court or agreement between the Successful Bidder and the objecting party, and the Successful Bidder shall have the right to litigate any dispute about the Claimed Cure Amount on behalf of the Debtors' estates.   So long as the Successful Bidder holds the Claimed Cure Amount in reserve, the Debtors shall seek authority to assume, assign, transfer, and/or sell the Assumed Contract or Assumed Lease that is the subject of an objection without further delay.

b.      In cases in which the Debtors are unable to establish that a default exists with respect to any Assumed Contract or Assumed Lease, the relevant Cure Payment Liability shall be set at $0.00 in the Assumption Notice.

c.      Unless the applicable agreement provides otherwise, a Qualified Bidder may, from time to time, exclude any Assumed Contract or Assumed Lease in its sole and absolute discretion until the Sale Hearing.  The non-debtor party or parties to any such excluded contract or lease will be notified of such exclusion by written notice mailed within three (3) business days of such determination.

14.     The form of notice of the Assignment Procedures, as set forth in this Order, substantially in the form annexed to the Motion as **<u>Exhibit C</u>**, is hereby approved in all respects.

15.     The notice referenced in the Assignment Procedures of (i) the Assumed Contracts and Assumed Leases and the amounts necessary to cure defaults under each of such Assumed Contracts and Assumed Leases determined by the Debtors and (ii) the deadline for objecting to the proposed Cure Payment Liabilities shall constitute adequate and sufficient notice and no additional notice need be provided.

16.     The stays provided for in Bankruptcy Rules 6004(h) and 6006(d) are waived and the Bid Procedures Order shall be effective immediately upon its entry.

17.     In the event of any inconsistency between the terms and conditions of this Bid Procedures Order and any order entered by the Bankruptcy Court approving the Debtors' entry into the debtor-in-possession financing facility on an interim or final basis (the "***DIP Orders***"), the provisions of the DIP Orders shall govern and control.

18.     The Bankruptcy Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Bid Procedures Order.

Dated: ___, 2016.
Wilmington, Delaware

_____
**UNITED STATES BANKRUPTCY JUDGE**

84605864.1

## **ANNEX 1**

## **BID PROCEDURES**

**BID PROCEDURES**

Sundevil Power Holdings, LLC ("***Sundevil***"), and SPH Holdco LLC (together, the "***Debtors***") have filed petitions for relief under chapter 11 of the title 11 of the United States Code (the "***Bankruptcy Code***") and are debtors in possession in jointly administered chapter 11 cases (the "***Chapter 11 Cases***") currently pending in the United States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***").  In order to attain the highest or otherwise best offer for all assets of the Debtors, wherever located, relating to the Debtors' operations in the State of Arizona, including, without limitation, the Mortgaged Properties (as such term is defined in that certain Deed of Trust, Security Agreement, Fixture Filing and Assignment of Rents and Leases from Sundevil Power Holdings, LLC, as Trustor, to First American Title Insurance Company, as Trustee in favor of Bank of America, N.A., Collateral Agent, as Beneficiary, effective as of July 23, 2012) (the "***Assets***") the Debtors have established these Bid Procedures.

**Any interested bidder should contact, as soon as practical, the following:[1]**

**Jefferies LLC**
**c/o Sundevil Power Holdings, LLC**
**520 Madison Avenue, 7th Floor**
**New York, New York 10022**
**Attn: Kevin Phillips**
**(646) 805-5461**
**Attn: Richard Morgner**
**(212) 284-1746**

These Bid Procedures  describe, among other things, (a) the assets offered for sale, (b) the manner in which bidders and bids become Qualified Bidders and Qualified Bids (each as defined below), respectively, (c) the conduct of the Auction (as defined below), if necessary, (d) the selection of the Successful Bidder (as defined below), and (e) the Bankruptcy Court approval of the sale to the Successful Bidder.

1.    **Participation Requirements**

    (a)    **Interested Parties**

Unless otherwise ordered by the Bankruptcy Court for cause shown, to participate in the Bidding Process, each interested person or entity (each, an "***Interested Party***") must deliver the following to Jefferies LLC (the "***Financial Advisor***")[2] so as to be received no later than 5:00 p.m. (Eastern Time) on April 14, 2016:

---

[1]    Jefferies LLC are collectively referred to herein as the "***Financial Advisor***".

[2]    The Financial Advisor's contact information is: Jefferies, 520 Madison Avenue, 7th Floor, New York, New York 10022 (Attn: Kevin Phillips (kphillips@jefferies.com) and Richard Morgner (rmorgner@jefferies.com)).

(A)     an executed confidentiality agreement in form and substance reasonably satisfactory to the Debtors;

(B)     a statement and other factual support demonstrating to the Debtors' reasonable satisfaction, that the Interested Party has a *bona fide* interest in purchasing all or a portion of the Assets; and

(C)     sufficient information, as defined by the Debtors, to allow the Debtors to determine that the Interested Party has the financial wherewithal and any required internal corporate, legal or other authorizations to close a sale, including, but not limited to, current audited financial statements of the Interested Party (or such other form of financial disclosure acceptable to the Debtors in their discretion).

If the Debtors determine, after receipt of the items identified above, that an Interested Party has a *bona fide* interest in purchasing all or a portion of the Assets, no later than two business days after the Debtors make that determination, such Interested Party will be deemed a "***Potential Bidder***" and the Debtors will deliver to such Potential Bidder: (a) an electronic copy of a proposed asset purchase agreement (the "***Proposed Agreement***") and (b) access information for the Debtors' confidential electronic data room concerning the Assets.  The Debtors reserve the right to determine whether an Interested Party has satisfied the above participation requirements such that it is eligible to be a Potential Bidder.  The Debtors shall provide the DIP Agent (as defined below) and CLMG Corp., as successor administrative agent (the "***Prepetition Agent***"), and Beal Bank USA, as lender (the "***Prepetition Lender***"), party to the Debtors' prepetition Credit Agreement, dated as of July 23, 2012 (as amended, restated, supplemented or otherwise modified from time to time), with a list of all Interested Parties and all Potential Bidders.  Any dispute concerning whether an Interested Party should be designated as a Potential Bidder shall be resolved by the Bankruptcy Court.

(b)     **Due Diligence**

Until the Bid Deadline (as defined below), in addition to access to the Data Room, the Debtors will provide any Potential Bidder such due diligence access or additional information as may be reasonably requested by the Potential Bidder that the Debtors determine to be reasonable and appropriate under the circumstances.  All additional due diligence requests shall be directed to the Financial Advisor.  The Debtors, with the assistance of the Financial Advisor, will coordinate all reasonable requests for additional information and due diligence access from Potential Bidders.  In the event that any such due diligence material is in written form and has not previously been provided to any other Potential Bidder, the Debtors will simultaneously provide such material to all Potential Bidders, the DIP Agent and the Prepetition Agent.

Unless otherwise determined by the Debtors, the availability of additional due diligence to a Potential Bidder will cease if (a) the Potential Bidder does not become a Qualified Bidder, from and after the Bid Deadline, or (b) the Bidding Process is terminated in accordance with its terms.

2.    **Qualified Bids**

Each offer, solicitation or proposal by a Potential Bidder must satisfy each of the conditions to be deemed a "***Qualified Bid***," and for the Potential Bidder to be deemed a "***Qualified Bidder***" set forth in "Bid Deadline" and "Bid Requirements" below.  For avoidance of doubt, Potential Bidders may submit bids for individual Assets or combinations of Assets and are not required to submit bids for all Assets.

(a)    **Bid Deadline**

A Potential Bidder who desires to be a Qualified Bidder must deliver the Required Bid Documents (as defined below) so as to be received not later than 12:00 p.m. (Eastern Time) on April 29, 2016 (the "***Bid Deadline***"), to the Financial Advisor, 520 Madison Avenue, 7th Floor, New York, New York 10022 (Attn: Kevin Phillips (kphillips@jefferies.com) and Richard Morgner (rmorgner@jefferies.com)) with copies to Drinker Biddle & Reath, LLP, 222 Delaware Avenue, Suite 1400, Wilmington, Delaware 19801 (Attn: Steven Kortanek (Steven.Kortanek@dbr.com) and Howard A. Cohen (Howard.Cohen@dbr.com)), Vinson & Elkins LLP, 666 Fifth Avenue, 26th Floor, New York, New York 10103-0040 (Attn: David S. Meyer (dmeyer@velaw.com)) and Vinson & Elkins LLP, Trammell Crow Center, 2001 Ross Avenue, Suite 3700, Dallas, Texas 75201-2975 (Attn: Paul E. Heath (pheath@velaw.com)).  The Debtors shall provide copies of all Required Bid Documents received to the DIP Agent and the Prepetition Agent.  The Debtors may extend the Bid Deadline with the written consent of the DIP Agent and the Prepetition Agent.  If the Debtors extend the Bid Deadline, the Debtors will promptly notify all Potential Bidders who have signed a confidentiality agreement of such extension.

(b)    **Bid Requirements**

All bids must include the following (the "***Required Bid Documents***"):

- a letter stating that the bidder's offer is irrevocable until [August 8], 2016;

- a duly authorized and executed purchase agreement, including the purchase price for the Assets to be purchased, together with all exhibits and schedules, marked to show any amendments and modifications to the Proposed Agreement, and any proposed modifications to the Sale Order; and

- written evidence of a firm commitment for financing, or other evidence of ability to consummate the proposed transaction without financing, that is satisfactory to the Debtors;

In addition, a bid will be considered only if the bid:

- sets forth the contracts and leases to be assumed and assigned;

- sets forth the consideration for the Assets to be purchased and the contracts and leases to be assumed and assigned;

- provides for cash payment of all cure costs for all contracts and leases to be assumed;

- is not conditioned on obtaining financing or on the outcome of unperformed due diligence or corporate, stockholder or internal approval;

- provides evidence satisfactory to the Debtors of the bidder's financial wherewithal and operational ability to consummate the transaction and satisfy its adequate assurance of future performance requirement with respect to any executory contract or unexpired lease to be assigned to it, including the ability to obtain all necessary regulatory approvals and the anticipated timeframe for receiving such approvals;

- is irrevocable until [August 8], 2016;

- is accompanied by a deposit by wire transfer to the Debtors equal to 10% of the cash purchase price (any such deposit, a "***Good Faith Deposit***"), with such deposit to constitute liquidated damages if the Potential Bidder shall default with respect to its offer;

- provides for the closing of the transaction by no later than July 7, 2016;

- sets forth the representatives who are authorized to appear and act on behalf of the bidder;

- includes evidence of the Qualified Bidder's ability to comply with section 365 of the Bankruptcy Code (to the extent applicable), including with respect to (a) funding payment by the Qualified Bidder of all cure costs associated with the contracts and leases proposed in its bid to be assumed by the Debtors and assigned to the Qualified Bidder and (b) providing adequate assurance of such Qualified Bidder's ability to perform in the future the contracts and leases proposed in its bid to be assumed by the Debtors and assigned to the Qualified Bidder, in a form that will permit the immediate dissemination of such evidence to the counterparties to such contracts and leases; and

- is received on or before the Bid Deadline.

A bid received from a Qualified Bidder will constitute a Qualified Bid only if it includes all of the Required Bid Documents and meets all of the above requirements; provided that the Debtors, the DIP Agent and the Prepetition Agent may designate any bid or combination of bids as a Qualified Bid by agreement. Any dispute among the DIP Agent, the Prepetition Agent and the Debtors regarding whether a bid or combination of bids should or should not constitute a Qualified Bid shall be resolved by the Bankruptcy Court. The Debtors shall promptly after receipt confirm for a Qualified Bidder whether or not its submission constitutes a Qualified Bid and whether, as a result, it may attend the Auction. Within one (1) business day of the Bid Deadline, the Debtors will provide the DIP Agent and the Prepetition Agent with copies of any Qualified Bids.

All Qualified Bids will be considered, but the Debtors, after consulting with the DIP Agent and the Prepetition Agent, reserve the right to reject any and all bids other than (a) a Credit Bid (as defined below) and (b) the highest or otherwise best bid in the Debtors' sole discretion.  The Debtors may, in consultation with the DIP Agent and the Prepetition Agent, evaluate bids on numerous grounds including, but not limited to, any delay, additional risks (including closing risks) and added costs to the Debtors.  Any disputes among the DIP Agent, the Prepetition Agent and the Debtors concerning the rejection or evaluation of a Qualified Bid shall be resolved by the Bankruptcy Court.  Bids other than Qualified Bids (or deemed Qualified Bids) will not be considered.

Each bidder shall be deemed to acknowledge and represent that it has had an opportunity to conduct any and all due diligence regarding the Assets that are the subject of the Auction prior to making any such bids; that it has relied solely upon its own independent review, investigation and/or inspection of any documents and/or the Assets in making its bid; and that it did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding such Assets, or the completeness of any information provided in connection therewith, except as expressly stated in these Bid Procedures  or, as to the Successful Bidder, the asset purchase agreement with such Successful Bidder.

## 3.    Stalking Horse Bid Protections

To incentivize potential bidders and thereby maximize the potential value of the Assets, the Debtors are authorized, upon their receipt of any bid (or bids, if for less than substantially all assets for sale) that the Debtors deem, in an exercise of their sound business judgment to be acceptable, to designate one or more Qualified Bids as a stalking horse bid (each, a "*Stalking Horse Bid*") and to execute an asset purchase agreement with such stalking horse bidder (a "*Stalking Horse Bidder*") in connection with the proposed sale of the Assets, at any time before the commencement of the Auction.  No bid may be a Stalking Horse Bid if it does not constitute a Qualified Bid.

Upon execution of an asset purchase agreement with any Stalking Horse Bidder, such asset purchase agreement will be a Qualified Bid and Leading Bid (as defined below), and the Debtors will provide notice of such Stalking Horse Bidder and asset purchase agreement as outlined in these procedures.

If the Debtors execute any asset purchase agreement with any Stalking Horse Bidder(s), the Debtors may, upon the consent of the DIP Lenders (in their sole discretion), provide such Stalking Horse Bidder(s) with a breakup fee in an amount to be negotiated by the Debtors in their discretion, based on the totality of the circumstances, including, without limitation, the purchase price and other terms and conditions of the asset purchase agreement, but in no event more than three percent (3%) of the cash portion of the purchase price, payable only from the proceeds of an alternative sale transaction, and satisfied as a super-priority administrative expense, and subject to customary conditions and limitations.

4.    **Auction**

In the event that the Debtors timely receive at least one Qualified Bid with respect to the Assets, the Debtors shall conduct an auction (the "***Auction***").    The Auction shall be in accordance with the Bid Procedures and upon notice to all Qualified Bidders who have submitted Qualified Bids.  The Auction will be conducted at the offices of Vinson & Elkins LLP, 666 Fifth Avenue, 26th Floor, New York, New York 10103-0040 on May 2, 2016 at 10:00 a.m. (Eastern Time).

Only representatives or agents of the Debtors, the DIP Agent, the Prepetition Agent, any Official Committee of Unsecured Creditors appointed in the Chapter 11 Cases and any Qualified Bidder that has submitted a Qualified Bid (and the legal and financial advisors to each of the foregoing), will be entitled to attend the Auction, and only Qualified Bidders will be entitled to make any subsequent bids at the Auction.

At least two business days prior to the Auction, the Debtors will provide copies of the Qualified Bid or combination of Qualified Bids which the Debtors believe is the highest or otherwise best offer (the "***Starting Bid***") to all Qualified Bidders which have informed the Debtors of their intent to participate in the Auction and, if requested, will provide an explanation of how the Starting Bid is valued and a list containing the identification of all Qualified Bidders.

The Debtors may, after consulting with the DIP Agent and the Prepetition Agent, employ and announce at the Auction additional procedural rules that are reasonable under the circumstances (e.g., the amount of time allotted to make Subsequent Bids (as defined below)) for conducting the Auction, provided that such rules are (i) not inconsistent with the Bid Procedures Order, the Bankruptcy Code, or any other order of the Bankruptcy Court entered in connection herewith and (ii) disclosed to each Qualified Bidder.

Bidding at the Auction will begin with the Starting Bid and continue, in one or more rounds of bidding, so long as during each round at least one subsequent bid is submitted by a Qualified Bidder(s) that (i) improves upon such Qualified Bidder's immediately prior Qualified Bid (a "***Subsequent Bid***") and (ii) the Debtors determine, in consultation with the DIP Agent and the Prepetition Agent, that such Subsequent Bid or combination of Subsequent Bids is (a) for the first round, a higher or otherwise better offer than the Starting Bid, and (b) for subsequent rounds, a higher or otherwise better offer than the Leading Bid (defined below).  All bids shall be made openly, in the presence of all parties at the Auction. The Debtors, in their sole discretion (in consultation with the DIP Agent and the Prepetition Agent), may determine appropriate minimum bid increments or requirements for each round of bidding. In the event of a dispute relating to the conduct of the Auction, such dispute will be heard by the Bankruptcy Court.

For the avoidance of doubt, the Debtors will provide the DIP Agent and the Prepetition Agent with full access to all information related to the Starting Bid and any Subsequent Bid.

After the first round of bidding and between each subsequent round of bidding, the Debtors shall announce the bid or bids that they believe to be the highest or otherwise best offer or combination of offers (the "***Leading Bid***").

A round of bidding will conclude after each participating Qualified Bidder has had the opportunity to submit a Subsequent Bid with full knowledge and written confirmation of the Leading Bid.

For the purpose of evaluating Subsequent Bids, the Debtors may require a Qualified Bidder submitting a Subsequent Bid to submit, as part of its Subsequent Bid, additional evidence (in the form of financial disclosure or credit-quality support information or enhancement reasonably acceptable to the Debtors, the DIP Agent and the Prepetition Agent in their sole discretion) demonstrating such Qualified Bidder's ability to close the proposed transaction.

If the Debtors receive no more than one Qualified Bid on or prior to the Bid Deadline, the Secured Parties (as defined below) shall notify the Debtors, prior to five (5) days before the Auction, whether they intend to submit a Credit Bid (as defined below) at or prior to the Auction. If the Secured Parties notify the Debtors that they will not submit a Credit Bid, no Auction shall occur and the Debtors shall seek approval of the only Qualified Bid at the Sale Hearing. If no such notice is provided to the Debtors, the Auction will occur.

**5.    Selection of Successful Bid(s)**

The Debtors reserve the right, after consulting with the DIP Agent and the Prepetition Agent, to (i) determine in their reasonable discretion which Qualified Bid (or combination thereof) is the highest or otherwise best and (ii) reject at any time prior to entry of a Bankruptcy Court order approving an offer, without liability, any bid or offer that the Debtors in their reasonable discretion deem to be (x) inadequate or insufficient, (y) not a Qualified Bid or not otherwise in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or procedures set forth therein or herein, or (z) contrary to the best interests of the Debtors and their estates.  If the DIP Agent or the Prepetition Agent does not agree with the Debtors' determinations regarding any of the matters set forth in this paragraph, the Bankruptcy Court shall make such determinations in lieu of the Debtors.

Prior to the conclusion of the Auction, the Debtors will, after consulting with the DIP Agent and the Prepetition Agent: (A) review and evaluate each bid made at the Auction on the basis of financial and contractual terms and other factors relevant to the sale process, including those factors affecting the speed and certainty of consummating the transaction; (B) identify the highest or otherwise best offer(s) (the "***Successful Bid***"); (C) determine which Qualified Bid (or combination thereof) is the Successful Bid and which is the next highest or otherwise best offer (the "***Alternate Bid***") for Assets subject to the Auction; and (D) notify all Qualified Bidders participating in the Auction, prior to its adjournment, of the successful bidder(s) (the "***Successful Bidder***"), the amount and other material terms of the Successful Bid and the identity of the party or parties that submitted the Alternate Bid (the "***Alternate Bidder***").  If the DIP Agent or the Prepetition Agent does not agree with the Debtors' determinations regarding any of the matters set forth in this paragraph, the Bankruptcy Court shall make such determinations in lieu of the Debtors.  Within two (2) business days following the completion of the Auction, the Successful Bidder and the applicable Debtors shall complete and execute all agreements, instruments or other documents necessary to consummate the Sale contemplated by the Successful Bid.

The Debtors will sell the Assets for the highest or otherwise best Qualified Bid (or combination thereof) to the Successful Bidder upon the approval of such Qualified Bid by the Bankruptcy Court after the Sale Hearing. The presentation of a particular Qualified Bid to the Bankruptcy Court for approval does not constitute the Debtors' acceptance of the Qualified Bid. The Debtors will be deemed to have accepted a Qualified Bid only when the Qualified Bid has been approved by the Bankruptcy Court at the Sale Hearing.

If for any reason, the entity that submits the highest or otherwise best Qualified Bid fails to consummate the purchase of the Assets subject to such bid, or any part thereof, the Debtors and the Alternate Bidder are authorized to effect the sale of such Assets to such Alternate Bidder as soon as is commercially reasonable. If such failure to consummate the purchase is the result of a breach by the Successful Bidder, the Debtors reserve the right to seek all available remedies from the defaulting Successful Bidder, subject to the terms of the applicable purchase agreement.

**6.    Credit Bid Rights.**    Notwithstanding any other provision of these Bid Procedures or otherwise, the DIP Agent, the DIP Lenders, the Prepetition Agent and the Prepetition Lender (collectively, the "*Secured Parties*") shall be entitled to credit bid some or all of their indebtedness at the Auction pursuant to section 363(k) of the Bankruptcy Code (a "*Credit Bid*"); provided however, that if, upon the DIP Lenders' consent, the Debtors provide a Stalking Horse Bidder with a breakup fee, the Secured Parties' right to Credit Bid is conditioned upon the Secured Parties paying such breakup fee in cash if it is the Successful Bidder; and provided further, that if no Qualified Bids are received prior to the Bid Deadline, the Secured Parties must present such Credit Bid to the Debtors no later than five (5) days prior to the date of the Auction. Without limiting the generality of the foregoing and notwithstanding any other provision of these Bid Procedures , the Secured Parties shall not be required to post any deposit to participate in and Credit Bid at the Auction and shall be automatically deemed to constitute "*Qualified Bidders*." In addition, any Credit Bid, whether prior to or at the Auction, shall be deemed to constitute a "*Qualified Bid*." The Secured Parties automatically shall be deemed the Successful Bidder at the Auction if the aggregate amount of their Credit Bid (if any) exceeds the cash consideration of the Leading Bid at the conclusion of the Auction. All rights of the Secured Parties to object to the Debtors' selection of a Successful Bid or Alternate Bid, or to object to the consummation of the sale transaction represented by either such bid, are preserved, including, without limitation, any such rights under section 363(k) of the Bankruptcy Code.

**7.    The Sale Hearing**

The Sale Hearing will be held before the Honorable _____ on _____, 2016 at __:___ _.m. (Eastern time) in the United States Bankruptcy Court for the District of Delaware, 824 N Market St, 3rd Floor, Wilmington, Delaware 19801. The Sale Hearing may be adjourned with the consent of (a) the administrative agent (the "*DIP Agent*") and lenders (the "*DIP Lenders*") party to the Debtors' post-petition financing facility, and (b) the Prepetition Agent and Prepetition Lender without further notice by an announcement of the adjourned date at the Sale Hearing. If the Debtors do not receive any Qualified Bids, the Debtors will report the same to the Bankruptcy Court at the Sale Hearing. At the Sale Hearing, the Debtors will seek approval of the offer or offers constituting the Successful Bid and, at the Debtors' election, the offer or offers constituting the Alternate Bid.

The Debtors' presentation to the Bankruptcy Court of an offer constituting the Successful Bid and Alternate Bid will not constitute the Debtors' acceptance of either of any such bid, which acceptance will only occur upon approval of such bid by the Bankruptcy Court at the Sale Hearing.

Following approval of the sale to the Successful Bidder, if the Successful Bidder fails to consummate the sale because of (a) failure of a condition precedent beyond the control of either the Debtors or the Successful Bidder upon which occurrence the Debtors have filed a notice with the Bankruptcy Court advising of such failure or (b) a breach or failure to perform on the part of such Successful Bidder upon which occurrence the Debtors have filed a notice with the Bankruptcy Court advising of such breach or failure to perform, then the Alternate Bid will be deemed to be the Successful Bid and the Debtors will be authorized, but not directed, to effectuate a sale to the Alternate Bidder subject to the terms of the Alternate Bid of such Alternate Bidder without further order of the Bankruptcy Court.

## 8.     Return of Good Faith Deposit

The Good Faith Deposits of all Qualified Bidders will be held in escrow by the Debtors and while held in escrow will not become property of the Debtors' bankruptcy estates unless released from escrow pursuant to terms of the applicable escrow agreement or pursuant to further order of the Bankruptcy Court.   The Debtors will retain the Good Faith Deposits of the Successful Bidder and the Alternate Bidder until the closing of the applicable sales transaction unless otherwise ordered by the Bankruptcy Court.   The Good Faith Deposits of the other Qualified Bidders will be returned within four business days of the entry of the applicable sale order.  At the closing contemplated by the Successful Bid, the Successful Bidder will be entitled to a credit for the amount of its Good Faith Deposit.  The Good Faith Deposit of the Alternate Bidder will be released by the Debtors four business days after the closing of the Successful Bid. Upon the return of the Good Faith Deposits, their respective owners will receive any and all interest that will have accrued thereon.

## 9.     <u>As Is, Where Is</u>

The sale of Assets pursuant to these Bid Procedures  shall be on an "as is, where is" basis and without representations or warranties of any kind, nature, or description by the Debtors, their agents or their estates except as provided in any agreement with respect to the sale approved by the Bankruptcy Court.

## 10.     <u>Free and Clear of Any and All Interests</u>

Except as otherwise provided in the Agreement or another Successful Bidder's purchase agreement, all of Debtors' right, title and interest in and to the Assets subject thereto shall be sold free and clear of any pledges, liens, security interests, encumbrances, claims, charges, options and interests thereon (collectively, the "***Interests***") to the maximum extent permitted by section 363 of the Bankruptcy Code, with such Interests to attach to the net proceeds of the sale with the same validity and priority as such Interests applied against the Assets purchased pursuant to these procedures.

11.    **Reservation of Rights**

        The Debtors, with the consent of the DIP Agent and Prepetition Agent, reserve their rights to modify the Bid Procedures or impose, at or prior to the Auction, additional customary terms and conditions on the sale of the Assets, including, without limitation, extending the deadlines set forth in the Bid Procedures, modifying bidding increments, adjourning or canceling the Auction at the Auction and/or adjourning the Sale Hearing, as applicable, in open court without further notice, withdrawing from the Auction any or all of the Assets at any time prior to or during the Auction, or canceling the sale process or Auction, and rejecting all Qualified Bids if warranted in the reasonable exercise of the Debtors' business judgment based upon the facts and circumstances.