# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SUNDEVIL POWER HOLDINGS. LLC, *et al.*,<br><br>Debtors[1]. | Chapter 11<br><br>Case No. 16-10369 (KJC)<br><br>Jointly Administered<br><br>Objection Deadline: February 26, 2016 at 4:00 p.m. (ET)<br>(Extended until March 1, 2016 at 10:00 a.m. (ET) for NV Energy)<br><br>Ref. No. 17 |

## LIMITED OBJECTION OF NEVADA POWER COMPANY D/B/A NV ENERGY TO DEBTORS' MOTION FOR ENTRY OF ORDERS (I) ESTABLISHING BIDDING AND SALE PROCEDURES; (II) APPROVING SALE OF ASSETS; AND (III) GRANTING RELATED RELIEF

Nevada Power Company d/b/a NV Energy ("**NV Energy**"), by and through its undersigned counsel, hereby files this limited objection (the "**Objection**") to *Debtors' Motion for Entry of Orders (i) Establishing Bidding and Sale Procedures; (ii) Approving the Sale of Assets; and (iii) Granting Related Relief* (the "**Motion**")[2] [Docket No. 17] and respectfully state as follows:

### BACKGROUND

1. On February 11, 2016 (the "**Petition Date**"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases. Since the Petition Date, the Debtors have continued to operate and manage their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1] The Debtors in these chapter 11 cases, and their respective federal tax identification numbers, are Sundevil Power Holdings, LLC (2308) and SPH Holdco LLC (7777). The Debtors' service address is: 701 Lake Street E, Suite 300, Wayzata, Minnesota 55391.

[2] Terms not otherwise defined herein shall have the meanings ascribed to them in the Motion and accompanying documents.

2. On the Petition Date, the Debtors filed the Motion, pursuant to which the Debtors seek, among other things, entry of an order: (i) authorizing and approving certain proposed bid procedures (the **"Bid Procedures"**) to be employed in connection with the proposed sale (the **"Sale"**) of substantially all of the Debtors' assets (the **"Assets"**); (ii) authorizing the Debtors to enter into one or more asset purchase agreements (any such agreement, an **"Asset Purchase Agreement"**) with one or more potential "stalking horse" bidders (each, a **"Stalking Horse Bidder"**) and to provide certain bid protections to any Stalking Horse Bidder in connection therewith; and (iii) scheduling an auction and a hearing to consider approval of the Sale.

3. The Debtors are merchant power generators through Sundevil's ownership of two of the four 550 megawatt natural gas-fired power blocks (**"Power Blocks I and II"**) of the Gila River Power Station, located in Gila Bend, Arizona. Sundevil sells energy into the Southwest electric power market, specifically the sub-region of Arizona, New Mexico, and Southern Nevada known as the Desert Southwest (**"DSW"**). Power Blocks 1 and II are included in the Assets being offered for sale pursuant to the Bid Procedures.

4. As merchant power generators, NV Energy believes that the sale of Power Blocks 1 and II to any potential purchaser would be subject to the prior approval of various regulatory agencies, including, without limitation, the Federal Energy Regulatory Commission (**"FERC"**), the Department of Justice (**"DOJ"**) and various other state regulatory agencies (the **"Regulatory Approvals"**). By way of example, FERC has up to 180 days to approve a purchaser once an application is submitted.

5. NV Energy is interested in potentially making a bid to acquire certain of the Debtors' Assets, entering into an Asset Purchase Agreement and becoming a Stalking Horse Bidder.

## LIMITED OBJECTION AND RESERVATION OF RIGHTS

6.      The proposed Bid Procedures require that any closing of a transaction occur by no later than July 7, 2016. NV Energy believes that **any** potential purchaser of the Assets would not be able to obtain the necessary Regulatory Approvals to actually close a Sale on or before the proposed July 7, 2016 deadline. Any process designed to maximize the value of the Assets would necessarily need to include regulated utilities such as NV Energy. NV Energy, and potentially other regulated bidders, may not be willing to participate in the Sale process if the closing deadline remains as proposed. NV Energy cannot commit to close on a transaction until it has received all necessary Regulatory Approvals. To incentive potential bidders to participate in a meaningful sale process, NV Energy believes that the proposed closing deadline should be revised to a date that is within seven (7) to ten (10) days of receiving all necessary Regulatory Approvals.

7.      Finally, to ensure the highest and best bids for the Assets are obtained in this sale process, it should be made clear that Regulatory Approvals are an allowed contingency. NV Energy believes that it would chill bidding to require a good faith bidder to forfeit their deposit for a failure to obtain such approvals through no fault of their own. The Debtors can factor the ability of each bidder to obtain all requisite Regulatory Approvals when deciding who has submitted the highest and best bid for the Assets at the Auction.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, NV Energy respectfully requests that this Court revise the proposed Bid Procedures as proposed herein and grant such other and further relief as this Court deems just and proper.

Dated: March 1, 2016  **CHIPMAN BROWN CICERO & COLE, LLP**
Wilmington, Delaware

*/s/ William E. Chipman, Jr.*
William E. Chipman, Jr. (No. 3818)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone:  (302) 295-0191
Facsimile:  (302) 295-0199
Email:  chipman@chipmanbrown.com

*Counsel for Nevada Power Company*
*d/b/a NV Energy*