IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Case No. 16-10369 (KJC) |
| ) | |
| Sundevil Power Holdings, LLC, *et al.* ) | Chapter 11 |
| ) | |
| Debtors.[1] ) | (Jointly Administered) |
| ) | Re: Docket Nos. 17, 53, 61, 64, 65 & 71 |

**ORDER (A) AUTHORIZING AND APPROVING BID PROCEDURES TO BE EMPLOYED IN CONNECTION WITH THE SALE OF CERTAIN ASSETS OF THE DEBTORS; (B) SCHEDULING AN AUCTION AND SALE HEARING; (C) AUTHORIZING AND APPROVING ASSIGNMENT PROCEDURES TO BE EMPLOYED IN CONNECTION WITH THE IDENTIFICATION AND ASSUMPTION OF CERTAIN PREPETITION CONTRACTS; AND (D) APPROVING THE MANNER AND FORM OF NOTICE OF THE AUCTION, SALE HEARING, AND ASSIGNMENT PROCEDURES**

THIS MATTER having come before the United States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***") upon the motion (the "***Motion***")[2] filed by Sundevil Power Holdings, LLC and SPH Holdco LLC (together, the "***Debtors***") in the above-captioned chapter 11 cases [Docket No. 17] for entry of (i) an order pursuant to sections 105, 363, and 365 of title 11 of the United States Code (the "***Bankruptcy Code***"), Rules 2002, 6004, 6006, 9007 and 9008 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and the local rules and guidelines of this Bankruptcy Court (the "***Local Rules***"): (a) authorizing and approving bid procedures set forth in <u>Annex 1</u> hereto (the "***Bid Procedures***") to be employed in connection with a potential sale (the "***Sale***") of the Debtors' assets, wherever located, (the "***Assets***") pursuant to an auction process; (b) scheduling an auction (the "***Auction***") and a hearing (the

---

[1] The Debtors in these chapter 11 cases, and their respective federal tax identification numbers, are Sundevil Power Holdings, LLC (2308) and SPH Holdco LLC (7777). The Debtors' service address is: 701 Lake Street E, Suite 300, Wayzata, Minnesota 55391.

[2] Capitalized terms used but not otherwise defined herein are used as defined in the Motion.

"*Sale Hearing*") to consider approval of the Sale: (c) authorizing and approving procedures (the "*Assignment Procedures*") to be employed in connection with the identification and assumption of certain executory contracts (the "*Assumed Contracts*") and unexpired leases (the "*Assumed Leases*"); and (d) approving the manner and form of notice of the Auction, the Sale Hearing, and the Assignment Procedures, substantially in the forms attached hereto as **Exhibit 1** (the "*Sale Notice*") and **Exhibit 2** (the "*Assumption Notice*"); and (ii) an order (the "*Sale Order*") substantially in the form attached to the Motion as **Exhibit D** approving the Sale free and clear of all liens, claims, encumbrances and interests and the assignment of the Assumed Contracts and Assumed Leases; and it further appearing that the relief requested in the Motion is in the best interests of the Debtors and their estates and creditors; and upon all of the proceedings had before the Bankruptcy Court; and after due deliberation and sufficient cause appearing therefor,

**NOW, THEREFORE, THE BANKRUPTCY COURT HEREBY FINDS AND CONCLUDES THAT:[3]**

A.    This Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

B.    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) (A), (N), and (O). Venue is proper in this District and this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C.    Good and sufficient notice of the Motion and the relief sought therein has been given under the circumstances, and no other or further notice is required except as set forth herein with respect to the Auction, the Sale Hearing and the Assignment Procedures. A

---

[3] Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact, as appropriate, pursuant to Bankruptcy Rule 7052.

reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to parties-in-interest.

D.    The Debtors have articulated good and sufficient reasons for, and the best interests of the estates, creditors, and other parties in interest and stakeholders will be served by, this Bankruptcy Court granting certain of the relief requested in the Motion, including approval of (1) the Bid Procedures, (2) the Assignment Procedures, and (3) the form, timing, and manner of notice of the proposed Sale, the Bid Procedures, the Assignment Procedures, and the other matters described herein, including the Sale Notice and the Assumption Notice.

E.    Under the circumstances, the Bid Procedures are reasonably designed to maximize the value to be achieved for the Assets and, in light of the extensive prior marketing of the Assets by the Debtors, the Bid Procedures constitute a reasonable, sufficient, adequate, and proper means to provide any potential bidders with an opportunity to submit and pursue offers for all or substantially all of the Assets or any portion thereof.

F.    The Sale Notice is reasonably calculated to provide parties in interest with proper notice of the potential sale of the Assets, the related Bid Procedures and the Sale Hearing.

G.    The Assumption Notice is reasonably calculated to provide all counterparties to the Assumed Contracts and Assumed Leases with proper notice of the potential assumption, assignment, transfer, and/or sale of their executory contracts or unexpired leases, and the amounts necessary to cure defaults and/or to provide compensation or adequate assurance of compensation for actual pecuniary loss resulting from a default prior to the Petition Date under each of such Assumed Contracts, and Assumed Leases determined by the Debtors (such amounts, "*Cure Payment Liabilities*") relating thereto and the Assignment Procedures.

H.    The Motion and this Order comply with all applicable provisions of the

Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. All objections to the entry of the Bid Procedures Order not otherwise withdrawn, waived or settled, and all reservations of rights included therein, hereby are overruled and denied on the merits.

3. The Bid Procedures are hereby approved and shall govern the bidding and the Auction with respect to the Sale of substantially all of the Debtors' Assets or any grouping or subset of the Debtors' Assets. Failure to specifically include or reference a particular provision of the Bid Procedures in this Order shall not diminish or impair the effectiveness of such provision.

4. Each Qualified Bidder participating at the Auction will be required to confirm that it has not engaged in any collusion with respect to the bidding or the Sale. All Qualified Bidders at the Auction shall be deemed to have consented to the core jurisdiction of the Bankruptcy Court and waived any right to a jury trial in connection with any disputes relating to the Auction, and the construction and enforcement of each Qualified Bidder's contemplated transaction documents, as applicable.

5. The Debtors, in consultation with the DIP Agent and the Prepetition Agent, may select a Stalking Horse Bidder for substantially all of the Debtors' Assets or any grouping or subset of the Debtors' Assets. If the Debtors seek to provide bid protections for any Stalking Horse Bidder, the Debtors shall ~~filed~~ file a Supplement to the Sale Motion (a "Supplement") seeking approval of same, with no less than ten calendar days' notice of the objection deadline to the

U.S. Trustee, the DIP Agent, the Prepetition Agent and those parties who have filed the appropriate notice pursuant to Bankruptcy Rule 2002 requesting notice of all pleadings filed in the Cases (the "*Stalking Horse Notice Parties*"), with no further notice being required, provided that the Supplement sets forth the Stalking Horse Bid, the proposed Bid Protections and the purchase agreement finalized with the Stalking Horse Bidder. The Court may schedule an expedited hearing to consider the relief sought in the Supplement, at a hearing time determined by the Court. For the avoidance of doubt, no determination is made in this Order with regards to authorizing any Bid Protections.

6. The Auction will be conducted openly and all creditors will be permitted to attend. Bidding at the Auction will be transcribed or videotaped. Absent irregularities in the conduct of the Auction, or reasonable and material confusion during the bidding, the Bankruptcy Court will not consider bids made after the Auction has been closed.

7. The Sale Hearing shall be held on May 11, 2016 at 10:00 a.m. before the Honorable Kevin J. Carey, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, 824 N Market St, 5th Floor, Courtroom 5, Wilmington, Delaware 19801. The Sale Hearing may be adjourned from time to time as permitted by the Bid Procedures without further notice other than an announcement by the Debtors in the Bankruptcy Court of such adjournment on the date scheduled for the Sale Hearing.

8. The form of Sale Notice substantially in the form attached hereto as **Exhibit 1** is hereby approved. The Debtors shall serve (by first class mail, postage prepaid) within two (2) business days after entry of this Bid Procedures Order (the "*Mailing Deadline*"), the Sale Notice upon the following parties: (a) the Office of the United States Trustee for the District of Delaware; (b) the applicable state and local taxing authorities; (c) the Internal Revenue Service;

(d) the Securities & Exchange Commission; (e) the United States Attorney General/Antitrust Division of Department of Justice; (f) each of the non-Debtor counterparties to the Assumed Contracts and Leases that have been identified; (g) counsel to the DIP Agent and the Prepetition Agent; (h) all entities who are known to possess or assert a claim against the Debtors; and (i) those parties who have filed the appropriate notice pursuant to Bankruptcy Rule 2002 requesting notice of all pleadings filed in the Cases (collectively, the "*Notice Parties*"). In addition, on the Mailing Deadline, or as soon as practicable thereafter, the Debtors shall place the Sale Notice on the website of the Debtors' claims and noticing agent, Garden City Group, LLC.

9. Notice as set forth in the preceding paragraph shall constitute good and sufficient notice of the Motion as it relates to the Debtors' request for entry of the Sale Order, the Auction, and the Sale Hearing, and no other or further notice of the Motion, the Auction, and/or the Sale Hearing shall be necessary or required.

10. Responses or objections, if any, to the entry of the Sale Order (except for the limited exceptions described below) shall be filed with this Bankruptcy Court and served, so as to be actually received no later than April 26, 2016 at 4:00 p.m. (Eastern Prevailing Time)[4] on: (a) counsel to the Debtors, Drinker Biddle & Reath LLP, 222 Delaware Avenue, Suite 1400, Wilmington, Delaware 19801 (Attn: Steven Kortanek (Steven.Kortanek@dbr.com) and Howard A. Cohen (Howard.Cohen@dbr.com)), Vinson & Elkins LLP, 666 Fifth Avenue, 26th Floor, New York, New York 10103-0040 (Attn: David S. Meyer (dmeyer@velaw.com)) and Vinson & Elkins LLP, Trammell Crow Center, 2001 Ross Avenue, Suite 3700, Dallas, Texas 75201-2975 (Attn: Paul E. Heath (pheath@velaw.com)); (b) counsel to the DIP Agent and Prepetition Agent, White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036-2787 (Attn:

---

[4] Relevant dates and deadlines with respect to this Order are set forth on **Exhibit 3** hereto, subject to the Debtors' ability to extend such dates as set forth in this Order and the Bid Procedures.

Scott Greissman (sgreissman@whitecase.com) and Andrew Zatz (azatz@whitecase.com)); and (c) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Wilmington, DE 19801 (Attn: Juliet Sarkessian).

11. Responses or objections, if any, related solely to (a) the Successful Bidder or (b) the ability of the Successful Bidder to provide adequate assurance of future performance of an Assumed Contract or Assumed Lease shall be filed with this Bankruptcy Court and served, so as to be actually received no later than May 10, 2016 at 12:00 p.m. (Eastern Prevailing Time) on the Notice Parties.

12. The Debtors are authorized and empowered to take such steps, incur and pay such costs and expenses, and do such things as may be reasonably necessary to fulfill the notice requirements established by this Bid Procedures Order.

13. The following Assignment Procedures shall govern the assumption and assignment of the Assumed Contracts and Assumed Leases in connection with the Sale of Assets to the Successful Bidder:

> a. Not later than five (5) business days after the entry of the Bid Procedures Order, the Debtors shall (i) file with the Bankruptcy Court a list identifying the Assumed Contracts and Assumed Leases and the Cure Payment Liabilities and (ii) serve all counterparties to all Assumed Contracts and Assumed Leases, and such parties' counsel, if known, with the Assumption Notice. If the Debtors identify additional executory contracts or unexpired leases that might be assumed by the Debtors and assigned in connection with the Sale not set forth in the original list of the same filed with the Bankruptcy Court, the Debtors shall promptly (i) send an Assumption Notice to the applicable counterparties to such additional executory contracts and unexpired leases, and such parties' counsel, if known, and (ii) file an updated list with the Bankruptcy Court.
>
> b. The deadlines for (i) objecting to the amount of any Cure Payment Liability related to such Assumed Contracts and Assumed Leases (a "*Cure/Assignment Objection*") shall be the later of (a) 4:00 p.m. (E.T.) on April 26, 2016 or (b) fourteen (14) days after the affected counterparty is served with the Assumption Notice (the "*Cure/Assignment Objection Deadline*") and (ii) objecting to the ability of the Successful Bidder to provide adequate assurance of future performance of an Assumed Contract or Assumed Lease (an "*Adequate*

*Assurance Objection*"), which deadline shall be no less than 12:00 p.m. (Eastern Prevailing Time) on May 10, 2016 (the "*Adequate Assurance Objection Deadline*" and, together with the Cure/Assignment Objection Deadline, the "*Cure/Adequate Assurance Objection Deadlines*"). A Cure/Assignment Objection and/or Adequate Assurance Objection must be filed with the Bankruptcy Court and served on the Notice Parties so as to be received no later than the applicable Cure/Adequate Assurance Objection Deadline. Failure to file and serve an objection in accordance with this paragraph (i) will forever bar the non-debtor counterparty from objecting to the Cure Payment Liabilities or provision of adequate assurance of future performance and from asserting any additional cure or other amounts with respect to the Assumed Contracts and Assumed Leases and the Debtors shall be entitled to rely solely upon the Cure Payment Liabilities and (ii) if the Assumed Contract or Assumed Lease was identified as an asset to be purchased pursuant to the Sale, the non-debtor counterparty will be deemed to have consented to the assumption, assignment, transfer, and/or sale of such Assumed Contract and Assumed Lease and will be forever barred and estopped from asserting or claiming against the Debtors or the Successful Bidder (or any other assignee of the relevant contract, lease or right) that any additional amounts are due or defaults exist for the period prior to the closing of the Sale, or conditions to assumption, assignment, transfer, and/or sale must be satisfied, under such contract, lease or right. If a Cure/Assignment Objection challenges a Cure Payment Liability, the objection must set forth the cure amount being claimed by the objecting party (the "*Claimed Cure Amount*") with appropriate documentation in support thereof. Upon receipt of a Cure/Assignment Objection, the Successful Bidder (on behalf of the Debtors' estates) may hold an amount equal to the Claimed Cure Amount in reserve, pending further order of the Bankruptcy Court or agreement between the Successful Bidder and the objecting party, and the Successful Bidder shall have the right to litigate any dispute about the Claimed Cure Amount on behalf of the Debtors' estates. So long as the Successful Bidder holds the Claimed Cure Amount in reserve, the Debtors shall seek authority to assume, assign, transfer, and/or sell the Assumed Contract or Assumed Lease that is the subject of an objection without further delay.

c. In cases in which the Debtors are unable to establish that a default exists with respect to any Assumed Contract or Assumed Lease, the relevant Cure Payment Liability shall be set at $0.00 in the Assumption Notice, without prejudice to the right of any counterparty to such Assumed Contract or Assigned Lease to dispute such Cure Payment Liability as set forth herein.

d. Unless the applicable agreement provides otherwise, a Qualified Bidder may, from time to time, exclude any Assumed Contract or Assumed Lease in its sole and absolute discretion until the Sale Hearing. The non-debtor party or parties to any such excluded contract or lease, and such non-debtor party's counsel, if known, will be notified of such exclusion by written notice filed and mailed by the earlier of three (3) business days of such determination and one day prior to the Sale Hearing.

14. The Assumption Notice substantially in the form attached hereto as **Exhibit 2**, is hereby approved in all respects, and shall constitute adequate and sufficient notice of the assumption and assignment of (i) the Assumed Contracts and Assumed Leases and the amounts necessary to cure defaults under each of such Assumed Contracts and Assumed Leases determined by the Debtors and (ii) the deadline for objecting to the proposed Cure Payment Liabilities and no additional notice need be provided except as otherwise set forth herein.

15. The Debtors shall file notice of the identity of the Successful Bidder at the Auction, and the amount of the Successful Bid, with the Bankruptcy Court within five business hours of the conclusion of the Auction and, at that same time, the Debtors shall serve such notice (a) by fax, e-mail or (if neither is available) overnight mail to all counterparties of Assumed Contracts and Assumed Leases, and such parties' counsel, if known, and (b) by fax or e-mail to any creditor or other party-in-interest who requests such service in writing from the Debtors' counsel no later than five days prior to the Auction, and who provides their fax number and e-mail address.

16. Nothing contained herein shall prejudice or impair the right to credit bid, as set forth in the Bid Procedures, of the DIP Agent, the DIP Lenders, the Prepetition Agent or the Prepetition Lender.

17. The stays provided for in Bankruptcy Rules 6004(h) and 6006(d) are waived and the Bid Procedures Order shall be effective immediately upon its entry.

18. The Bankruptcy Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Bid Procedures Order.

Dated: March 3, 2016
Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE