|  |  |
|---|---|
| In re: | Case No. 16-10369 (KJC) |
|  | Chapter 11 |
| Sundevil Power Holdings, LLC, *et al.*, | (Jointly Administered) |
| Debtors.[1] | **Related Docket Nos. 377, 378, 402 & 403** |

## ORDER APPROVING THE DISCLOSURE STATEMENT AND FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER CONFIRMING THE DEBTORS' JOINT CHAPTER 11 PLAN OF LIQUIDATION

WHEREAS, on February 11, 2016 (the "Petition Date"), each of the above-caption Debtors[2] filed a petition with this Bankruptcy Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, on November 18, 2016, the Debtors filed their *Joint Plan Under Chapter 11 of the Bankruptcy Code* [Docket No. 376] (as amended or supplemented from time to time and including all exhibits and supplements thereto, the "Plan") and the related Disclosure Statement [Docket No. 377] (as amended or supplemented from time to time and including all exhibits and supplements thereto, the "Disclosure Statement"); and

WHEREAS, on November 23, 2016, the Bankruptcy Court entered the *Order (I) Scheduling a Combined Disclosure Statement Approval and Plan Confirmation Hearing,*

---

[1]  The Debtors in these chapter 11 cases, and their respective federal tax identification numbers, are Sundevil Power Holdings, LLC (2308) and SPH Holdco LLC (7777). The Debtors' service address is: 701 East Lake Street, Suite 300, Wayzata, Minnesota 55391.

[2]  Unless otherwise specified herein, each capitalized term shall have the meaning ascribed to such term in the Plan or Disclosure Statement, as applicable.

*(II) Establishing a Plan and Disclosure Statement Objection Deadline and Related Procedures, (III) Approving (A) the Solicitation Procedures, (B) the Combined Hearing Notice, (C) Vote Tabulation Procedures, and (IV) Granting Related Relief* [Docket No. 386] (the "Solicitation Procedures Order"); and

WHEREAS, the notice of the Combined Hearing (as defined below) (the "Combined Hearing Notice"), the Plan and Disclosure Statement, the Solicitation Procedures Order (without exhibits), certain notices of non-voting status (the "Non-Voting Notices"), and/or the appropriate Ballots (collectively, the "Solicitation Package") were transmitted to all holders of Claims and Interests and other parties in interest in accordance with the Solicitation Procedures Order, as set forth in the affidavit of service sworn to by the Debtors' claims agent, Garden City Group LLC ("GCG") and filed with the Bankruptcy Court [Docket No. 393] (the "Affidavit of Service"); and

WHEREAS, on December 2, 2016, the Debtors filed their (i) *Notice of Filing (I) Solicitation Versions of Plan and Disclosure Statement and (II) Blacklines of Changes from Original Versions* [Docket No. 402] and (ii) *Notice of Filing Form of Liquidating Trust Agreement* [Docket No. 403], both in accordance with the Solicitation Procedures Order;

WHEREAS, on December 20, 2016, the Debtors filed the *Declaration of Craig E. Johnson of Garden City Group, LLC Certifying the Methodology for the Tabulation of Votes on and Results of Voting with Respect to the Debtors' Joint Chapter 11 Plan of Liquidation* [Docket No. 417] (the "Voting Declaration") certifying the results of the ballot tabulation for Classes 3 and 4;

WHEREAS, on December 21, 2016, the Debtors filed (i) the *Declaration of Raphael T. Wallander in Support of Confirmation of the Debtors' Joint Chapter 11 Plan of*

2

*Liquidation* [Docket No. 425] (the "Wallander Declaration"), (ii) the *Debtors' Amended Joint Chapter 11 Plan of Liquidation* [Docket No. 423], (iii) the *Notice of Filing Plan Blackline* [Docket No. 424], and (iv) the *Notice of Filing (I) Revised Proposed Form of Liquidating Trust Agreement and (II) Blackline to Original Proposed Form* [Docket No. 427];

WHEREAS, pursuant to the Solicitation Procedures Order and Bankruptcy Code section 1128(a), the Bankruptcy Court held a hearing commencing on December 22, 2016, at 10:00 a.m. (Eastern Time) (the "Combined Hearing") to consider the adequacy of the Disclosure Statement and confirmation of the Plan.

NOW THEREFORE, based upon the Bankruptcy Court's review and consideration of (i) the Plan, the Disclosure Statement, the Liquidating Trust Agreement, the Solicitation Procedures Order, the Voting Declaration, the Wallander Declaration, the Affidavit of Service, and the other pleadings and documents before the Bankruptcy Court in connection with the confirmation of the Plan, (ii) the record of the Combined Hearing (including the statements of counsel in support of confirmation at the Combined Hearing and all testimony presented and evidence admitted at the Combined Hearing), and (iii) the entire record of these Chapter 11 Cases; and the Bankruptcy Court finding that (a) notice of the Voting Deadline, Objection Deadline, and Combined Hearing and the opportunity of any party in interest to object to confirmation were adequate and appropriate, under the circumstances of these Chapter 11 Cases, in accordance with Bankruptcy Rule 2002(b) and the Solicitation Procedures Order, as to all parties to be affected by the Plan and the transactions contemplated thereby, and (b) the legal and factual bases presented at the Combined Hearing and as set forth in this Confirmation Order establish just cause for the relief granted herein; and after due deliberation thereon, and good cause appearing therefor;

3

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### THE COURT HEREBY FINDS AND CONCLUDES THAT:[3]

A.      This Bankruptcy Court has jurisdiction over these Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012. Confirmation of the Plan is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(L), and this Bankruptcy Court has exclusive jurisdiction to determine whether the Disclosure Statement and the Plan comply with the applicable provisions of the Bankruptcy Code, to determine whether the Plan should be confirmed, and to enter a final order with respect hereto. Venue of these Chapter 11 Cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      Judicial notice is hereby taken of the docket of the Chapter 11 Cases maintained by the Clerk of the Bankruptcy Court, including, without limitation, all pleadings and other documents filed, all orders entered, and transcripts of, and all evidence and arguments made, proffered, or adduced at, the hearings held before the Bankruptcy Court during the pendency of the Chapter 11 Cases.

C.      The Disclosure Statement contains adequate information under section 1125 of the Bankruptcy Code.

D.      The Plan is dated and identifies the entities submitting it, thereby satisfying Bankruptcy Rule 3016(a). The filing of the Disclosure Statement with the

---

[3]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

87271963.5

Bankruptcy Court satisfies Bankruptcy Rule 3016(b). All acts to be enjoined and identification of entities subject to such injunction under the Plan are set forth in specific and conspicuous text in the Plan and Disclosure Statement, thereby satisfying Bankruptcy Rule 3016(c).

E. The Debtors have given notice of the Combined Hearing as required by Bankruptcy Rule 3017(d). Such notice was good and sufficient under the particular circumstances and no other or further notice is or shall be required.

F. The solicitation of votes to accept or reject the Plan satisfies Bankruptcy Rule 3018. The Plan was transmitted to all creditors entitled to vote on the Plan, and sufficient time was prescribed for such creditors to vote to accept or reject the Plan, under the circumstances of these Chapter 11 Cases, thereby satisfying the requirements of Bankruptcy Rule 3018.

G. The Debtors have met their burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code by clear and convincing evidence.

H. The Plan complies with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules of Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and the orders of this Bankruptcy Court with respect to the Plan, thus satisfying the requirements of section 1129(a)(1) of the Bankruptcy Code.

I. The Debtors have complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the orders of this Bankruptcy Court with respect to the solicitation of acceptances or rejections of the

Plan, including, without limitation, sections 1125 and 1126 of the Bankruptcy Code and Bankruptcy Rules 3017, 3018, and 3019, thus satisfying the requirements of section 1129(a)(10) of the Bankruptcy Code.

J.      The Plan, and the compromises and settlements embodied therein, have been proposed in good faith and not by any means forbidden by law, thus satisfying the requirements of section 1129(a)(3) of the Bankruptcy Code. In so determining, the Bankruptcy Court has examined, among other things, the totality of the circumstances surrounding the Chapter 11 Cases, the record of the Combined Hearing, the Disclosure Statement, the Plan, and all related pleadings, exhibits, statements, and comments regarding confirmation of the Plan and the approval of the Plan by the creditors that voted on the Plan. The Chapter 11 Cases were filed, and the Plan was proposed, with the legitimate and honest purpose of effecting an orderly liquidation of the Debtors' businesses.

K.      All payments that have been made or are to be made by the Debtors or the Liquidating Trust under the Plan or by any person acquiring property under the Plan, for services or for costs and expenses in, or in connection with, the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, have been approved by, or will be subject to the approval of, the Bankruptcy Court as reasonable, thus satisfying the requirements of section 1129(a)(4) of the Bankruptcy Code.

L.      The Debtors have made available all necessary information with respect to the identity of the Liquidating Trustee, and the appointment to such office of the Liquidating Trustee is consistent with the interests of holders of Claims and

6

Interests and with public policy, thus satisfying the requirements of section 1129(a)(5) of the Bankruptcy Code. The initial Liquidating Trustee of the Liquidating Trust shall be Pirinate Consulting Group, LLC.

M.      The Debtors' businesses do not involve the establishment of rates over which any regulatory commission has jurisdiction or will have jurisdiction after confirmation, Thus, section 1129(a)(6) of the Bankruptcy Code is inapplicable to these Chapter 11 Cases.

N.      Section 1129(a)(7) of the Bankruptcy Code requires that each holder of a Claim or Interest in an impaired class accept the Plan, or receive or retain under the Plan property having a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would receive on account of such Claim or Interest if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code. Classes 3, 4, 5, 6, 7, and 8 are impaired under the Plan. The Disclosure Statement and the other evidence proffered or adduced at the Combined Hearing (i) are persuasive and credible, (ii) have not been controverted by other evidence or challenged in any of the objections (if any) to the Plan, and/or (iii) establish that each holder of an impaired Claim or Interest in Classes 3, 4, 5, 6, 7, and 8 has either accepted the Plan, or will receive or retain under the Plan property having a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code on such date, thus satisfying the requirements of section 1129(a)(7) of the Bankruptcy Code.

O.      Section 1129(a)(8) of the Bankruptcy Code requires that for each Class of Claims or Interests under the Plan, such Class has either accepted the Plan or

7

is not impaired under the Plan. Unimpaired Classes 1 and 2 are conclusively presumed to have accepted the Plan without the solicitation of acceptances or rejections pursuant to section 1126(f) of the Bankruptcy Code. Impaired Classes 3and 4 were the only impaired classes entitled to vote and have accepted the Plan. Because holders of Claims or Interests in impaired Classes 5, 6, 7, and 8 are entitled to neither receive nor retain any property under the Plan, they are deemed to have rejected the Plan under section 1126(g) of the Bankruptcy Code. Accordingly, the requirements of section 1129(a)(8) of the Bankruptcy Code have not been met, thereby requiring application of section 1129(b) of the Bankruptcy Code.

P.  The treatment of Administrative Expense Claims specified in section 2.1 of the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(9)(A). The treatment of the Priority Tax Claims under section 2.4 of the Plan satisfies the requirements of Bankruptcy Code 1129(a)(9)(C). The treatment of Other Priority Claims specified in section 4.1 of the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(9)(B). The treatment of the Secured Tax Claims under section 4.2 of the Plan satisfies the requirements of Bankruptcy Code 1129(a)(9)(D).

Q.  The Plan has been accepted by impaired Classes 3 and 4, determined without consideration of any acceptance of the Plan by insiders, thus satisfying the requirement of section 1129(a)(10) of the Bankruptcy Code.

R.  Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization of the Debtors, as the Plan is

8

a liquidating plan, thus satisfying the feasibility requirements of section 1129(a)(11) of the Bankruptcy Code.

S.    As set forth in section 13.1 of the Plan, the Debtors have paid, or will pay on the Effective Date, all amounts due under 28 U.S.C. § 1930, thus satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

T.    Sections 1129(a)(13) regarding retiree benefits, 1129(a)(14) regarding domestic support obligations, 1129(a)(15) regarding bankruptcy filings of individuals, and 1129(a)(16) regarding debtors that are not moneyed, business, or commercial corporations of the Bankruptcy Code, are not applicable to these Chapter 11 Cases.

U.    Holders of Claims and Interests in Classes 5, 6, 7, and 8 will neither receive nor retain any property or interest in property under the Plan and, accordingly, are deemed to have rejected the Plan. These are the only Classes that have not accepted, or been deemed to have rejected, the Plan. The Debtors presented uncontroverted evidence at the Combined Hearing that the Plan does not discriminate unfairly and is fair and equitable with respect to the treatment of Claims and Interests in Classes 5, 6, 7, and 8 because, as required by sections 1129(b)(2)(B) and 1129(b)(2)(C) of the Bankruptcy Code, there are no holders of claims or interests junior to the holders of Claims or Interests in Classes 5, 6, 7, and 8 that will receive or retain under the Plan any property on account of such junior claims or interests and there are no similarly situated holders of claims or interests receiving a recovery under the Plan. Thus, the Plan satisfies section 1129(b) of the Bankruptcy Code and may be confirmed notwithstanding its failure to satisfy section 1129(a)(8) of the Bankruptcy Code. The

87271963.5

Plan shall be binding upon the members of Classes 5, 6, 7, and 8 upon confirmation and the occurrence of the Effective Date.

V.      Other than the Plan (including any previous versions thereof), no other plan has been filed in these Chapter 11 Cases. As a result, the requirements of section 1129(c) of the Bankruptcy Code have been satisfied.

W.      The principal purpose of the Plan is not the avoidance of taxes or avoidance of the requirements of section 5 of the Securities Act of 1933, and no governmental unit has requested that the Bankruptcy Court deny confirmation on such basis, thus satisfying the requirements of section 1129(d) of the Bankruptcy Code.

X.      Based on the record before the Bankruptcy Court in the Chapter 11 Cases, including the evidence adduced and presented at the Combined Hearing, the Debtors, and their officers, directors, members, managers, attorneys, and advisors, to the extent applicable, (i) have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable non-bankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with all their respective activities relating to the solicitation of acceptances of the Plan and their participation in the activities described in section 1125 of the Bankruptcy Code, and (ii) shall be deemed to have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code.

Y.      The Plan satisfies each of the requirements for confirmation set forth in section 1129 of the bankruptcy Code.

Z.     The Bankruptcy Court finds that it may properly retain jurisdiction over the matters set forth in section 12 of the Plan and section 1142 of the Bankruptcy Code.

AA.     All conditions precedent to confirmation set forth in section 10.1 of the Plan have been satisfied, will be satisfied by entry of this Confirmation Order, or have been duly waived.

BB.     Section 4 of the Plan adequately and properly identifies and classifies all Claims and Interests. The Claims or Interests placed in each Class are substantially similar to other Claims or Interests, as the case may be, in each such Class, and such classification is therefore consistent with section 1122 of the Bankruptcy Code. Valid business and legal reasons exist for the various Classes of Claims and Interests created under the Plan, and such classification does not unfairly discriminate among holders of Claims or Interests. The Plan's classification scheme recognizes the differing legal and equitable rights of creditors versus Interest holders, secured versus unsecured Claims, Claims secured by different interests in property (or setoff rights) or having different priorities in the same interests property, and priority versus non-priority Claims. Accordingly, the Plan satisfies section 1123(a)(1) of the Bankruptcy Code.

CC.     The Plan specifies in section 4 that Classes 1 and 2 are not impaired under the Plan, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

DD.     The Plan specifies in section 4 the Classes of Claims and Interests that are impaired, and specifies the treatment of the impaired Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

87271963.5

EE.    The Plan provides for the same treatment of a Claim or Interest in each respective Class unless the holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

FF.    Section 6 of the Plan provides adequate and proper means for implementation of the Plan, thereby satisfying section 1123(a)(5) of the Bankruptcy Code. Among other things, section 6 provides for (i) the establishment of the Liquidating Trust; (ii) the appointment of the Liquidating Trustee; (iii) the transfer of the Remaining Assets to the Liquidating Trust; and (iv) the cancellation of existing securities and agreements.

GG.    The Plan is a liquidating plan and thus, there will be no issuance of non-voting equity securities, thereby satisfying the requirements of section 1123(a)(6) of the Bankruptcy Code. Further, there will be no selection of the managers and officers of a reorganized debtor. Therefore, section 1123(a)(7) of the Bankruptcy Code is not applicable.

HH.    The releases, injunction, and exculpation provisions set forth in section 11 of the Plan (as modified, in the case of the exculpation provision, by paragraph 40 hereof) are fair and necessary to the success of the Debtors' liquidation in light of the circumstances presented and the evidence proffered or addressed at the Combined Hearing.

Accordingly, it is hereby **ORDERED, ADJUDGED AND DECREED** that:

1.    Disclosure Statement Approval. The Disclosure Statement dated November 23, 2016, as filed on December 2, 2016 [Docket No. 402, Ex. B], is approved as containing adequate information within the meaning of section 1125 of the Bankruptcy Code.

2.    Plan Approval. The Plan dated November 23, 2016, as filed on December 2, 2016 [Docket No. 402, Ex. A], as amended on December 21, 2016 [Docket No. 423] (as amended, the "Plan") and all exhibits, provisions, terms, and conditions thereto, as amended, are approved and confirmed in substantially the forms as filed, because the Plan satisfies all of the requirements of Chapter 11 of the Bankruptcy Code. The terms of the Plan are incorporated herein by reference and are an integral part of this Confirmation Order.

3.    Findings of Fact and Conclusions of Law. The findings of fact and conclusions of law of the Bankruptcy Court set forth herein and at the Combined Hearing shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, as made applicable herein by Bankruptcy Rule 9014, and the findings and conclusions of the Bankruptcy Court at the Combined Hearing are incorporated herein by reference. To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and vice versa.

4.    Confirmation Objections. All confirmation objections and responses to the Plan, to the extent not resolved, withdrawn, or otherwise addressed by this Confirmation Order or as set forth on the record at the Combined Hearing, including any reservations of rights contained therein, are hereby overruled on the merits.

5.    Notice of Combined Hearing. Notice of the Combined Hearing complied with the Solicitation Procedures Order and was appropriate and sufficient based on the

13

circumstances of the Chapter 11 Cases and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

6.  Solicitation. The solicitation of votes on the Plan was appropriate and sufficient based upon the circumstances of the Chapter 11 Cases, and was in compliance with the Solicitation Procedures Order.

7.  Provisions of the Plan and Order are Nonseverable and Mutually Dependent. The provisions of the Plan and this Order, including the findings of fact and conclusions of law set forth herein, are nonseverable and mutually dependent.

8.  Plan Classification Controlling. The classification of Claims and Interests for purposes of the Distributions to be made under the Plan shall be governed solely by the terms of the Plan, unless modified by this Order, in which case the terms of this Order shall control. The classifications set forth on the Ballots tendered to or returned by the holders of the Claims entitled to vote on the Plan (i) were set forth on the Ballots solely for the purposes of voting to accept or reject the Plan, (ii) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Plan for Distribution purposes, and (iii) shall not be binding on the Debtors, their estates, or the Liquidating Trustee.

9.  Effects of Confirmation; Immediate Effectiveness: Binding Effect. The Debtors are hereby authorized to consummate the Plan at any time following entry of this Confirmation Order. Notwithstanding the stay contemplated by Bankruptcy Rule 3020(e) and except as otherwise provided in section 1141(d) of the Bankruptcy Code, immediately after entry of this Confirmation Order, the provisions of the Plan and this Confirmation Order shall be deemed binding against the Debtors and any and all holders of Claims against or Interests in

14

the Debtors, including all governmental entities or recording offices (irrespective of whether such Claims or Interests are impaired under the Plan or whether the holders of such Claims or Interests accepted, rejected or are deemed to have accepted or rejected the Plan), any and all non-debtor parties to executory contracts or unexpired leases with the Debtors, and any and all entities that are parties to or are subject to the settlements, compromises, releases, and injunctions described in the Plan. Accordingly, as permitted by Bankruptcy Rule 3020(e), the fourteen (14) day period provided by such rule is hereby waived in its entirety. Upon the occurrence of the Distributions to be made on the Effective Date, the Plan shall be deemed to be substantially consummated under section 1101 of the Bankruptcy Code.

10. Approval of the Appointment of the Liquidating Trustee. The appointment of the Liquidating Trustee in accordance with the Plan and the Liquidating Trust Agreement are hereby approved, and the Debtors and Liquidating Trustee hereby are authorized and directed to take all such actions as are necessary to implement such appointment and the Liquidating Trust Agreement. The Debtors and Liquidating Trustee are hereby authorized to amend the Liquidating Trust Agreement through and including the Effective Date in a manner consistent with the Plan. The Liquidating Trustee may not make distributions of the Wind-Down Amount in excess of the amounts set forth in the Wind-Down Budget without the prior written consent of the Secured Lenders. The Liquidating Trustee shall provide quarterly reports to the Secured Lenders, on an incremental and cumulative basis, with respect to distributions of the Wind-Down Amount.

11. Transfer of Trust Assets. As set forth in section 6.6.2 of the Plan, upon the establishment of the Liquidating Trust pursuant to the Liquidating Trust Agreement, all Remaining Assets shall be deemed transferred to the Liquidating Trust without any further

15

action of any of the Debtors. The transfer of the Remaining Assets pursuant to the Plan (a) is a legal, valid, and effective transfer of property, (b) vests the Liquidating Trust with good title to such property free and clear of all Liens, Claims, and Interests, except as specifically provided in the Plan or this Confirmation Order, (c) does not constitute an avoidable transfer under the Bankruptcy Code or under applicable nonbankruptcy law, and (d) does not and shall not subject the Liquidating Trustee to any liability by reason of such transfer under the Bankruptcy Code or under applicable nonbankruptcy law.

12. Payment of Fees and Post-Confirmation Reporting. All fees due and payable pursuant to section 1930 of Title 28 of the U.S. Code prior to the Effective Date shall be paid by the Debtors on the Effective Date. After the Effective Date, the Debtors (or Sundevil, following dismissal or entry of a final decree in the HoldCo Chapter 11 Case) and the Liquidating Trustee shall be jointly and severally liable to pay any and all such fees when due and payable. The Debtors shall file all Quarterly Reports due prior to the Effective Date when they become due, in a form reasonably acceptable to the U.S. Trustee. After the Effective Date, the Liquidating Trustee shall file with the Bankruptcy Court Quarterly Reports in a form reasonably acceptable to the U.S. Trustee. Each and every one of the Debtors and the Liquidating Trustee shall remain obligated to pay quarterly fees to the Office of the U.S. Trustee until the earliest of that particular Debtor's case being closed, dismissed or converted to a case under Chapter 7 of the Bankruptcy Code.

13. Continuation of the Automatic Stay. All injunctions or stays provided for in the Chapter 11 Cases under sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the date of entry of this Order, shall remain in full force and effect until the Effective Date.

14. <u>Insurance</u>. Pursuant to section 6.9 of the Plan, confirmation of the Plan shall not discharge, impair or otherwise modify any indemnity obligations arising under any D&O Liability Insurance Policies. In addition, after the Effective Date, the Liquidating Trustee shall not terminate or otherwise reduce the coverage under any D&O Liability Insurance Policies (including any "tail policy") in effect on the Petition Date, and all managers and officers of the Debtors who served in such capacity as of the Petition Date at any time prior to the Effective Date shall be entitled to the full benefits of any such policy for the full term of such policy regardless of whether such managers and officers remain in such positions after the Effective Date.

15. <u>Cancellation of Agreements, Notes, and Interests</u>. On the Effective Date, except to the extent otherwise expressly provided in the Plan, all notes, stock, interests, instruments, certificates, and other documents evidencing the Interests in any of the Debtors shall be deemed automatically extinguished, cancelled and of no further force or effect, and the Debtors shall not have any continuing obligations thereunder. On the Effective Date, except to the extent otherwise expressly provided in the Plan, any indenture or other agreement relating to any of the foregoing shall be deemed automatically extinguished, cancelled and of no further force or effect, and the Debtors shall not have any continuing obligations thereunder.

16. <u>Administrative Claims Bar Date</u>. Pursuant to this Confirmation Order, an Administrative Expense Claims Bar Date for filing Administrative Expense Claims (other than (i) Accrued Professional Compensation Claims, (ii) expenses or liabilities incurred but not yet due and payable in the ordinary course of business by a Debtor until after the thirtieth (30th) day after the Effective Date, and (iii) fees of the United States Trustee arising under 28 U.S.C. § 1930) is established as thirty (30) days after the Effective Date or the first Business

17

Day following such day. The Administrative Expense Claims Bar Date will be applicable for holders of Administrative Expense Claims that have not been previously deemed Allowed by a final, non-appealable order of the Bankruptcy Court. Failure to timely file with the Bankruptcy Court and serve such a request for payment shall result in any Administrative Expensive Claims being forever barred, absent order of this Court to the contrary.

17.    Accrued Professional Compensation Claims. All final requests for payment of Accrued Professional Compensation Claims pursuant to sections 327, 328, 330, 331, 503(b), or 1103 of the Bankruptcy Code must be made by application filed with the Bankruptcy Court and served on the Debtors, their counsel, the Liquidating Trustee, and other necessary parties in interest no later than forty-five (45) days after the Effective Date, unless otherwise ordered by the Bankruptcy Court. Objections to such applications must be filed and served on the Debtors, their counsel, the Liquidating Trustee and the requesting Professional or other entity on or before the date that is thirty (30) days (or such longer period as may be provided in the notice of the applicable fee application or on consent of the requesting Professional or other entity) after the date on which the applicable application was served.

18.    Professional Fees and Expenses Incurred After the Effective Date. Professional fees and expenses incurred by the Debtors or the Liquidating Trustee and their professionals after the Effective Date may be paid by the Debtors or the Liquidating Trustee in the ordinary course of business and without application or Bankruptcy Court approval, subject to the Wind-Down Budget.

19.    Assumed and Rejected Contracts and Leases. Except as otherwise provided in the Plan, or in any contract, instrument, release, indenture, or other agreement or document entered into in connection with the Plan, as of the Effective Date, each Debtor shall

18

be deemed to have rejected each pre-petition executory contract and unexpired lease to which it is a party unless such executory contract or unexpired lease (a) was previously assumed or rejected upon motion by a Final Order, (b) previously expired or terminated pursuant to its own terms, (c) is listed in the Plan Supplement as an assumed contracts and lease, or (d) is the subject of any pending motion, including to assume, to assume on modified terms, to reject or to make any other disposition filed by a Debtor on or before the date of this Order.

20. Bar to Rejection Damages. If the rejection of an executory contract or unexpired lease pursuant to the Plan results in a Claim, a Proof of Claim must be filed with the Bankruptcy Court and served upon counsel for the Debtors and the Liquidating Trustee on or before the date that is thirty (30) days after service of notice of the Effective Date or such later rejection date that occurs as a result of a dispute concerning amounts necessary to cure any defaults. All Allowed Rejection Damages Claims shall be treated as General Unsecured Claims pursuant to the terms of this Plan.

21. Final Decree. Upon certification of Debtors' counsel filed on or after the Effective Date, the Court shall enter a final decree in the following chapter 11 cases: SPH Holdco LLC, Case No. 16-10369 (KJC). All matters with respect to that chapter 11 case shall be consummated through Sundevil Power Holdings, LLC, Case No. 16-10369 (KJC), which shall remain open until such time as Sundevil or the Liquidating Trustee files a motion closing or converting the case.

22. Revocation, Withdrawal, or Non-Consummation. Subject to the terms of, and without prejudice to the rights of any party, the Debtors reserve the right to revoke or withdraw the Plan at any time prior to the Effective Date. If the Debtors revoke or withdraw the Plan prior to the Effective Date, or if the Effective Date does not occur, the Plan, any

19

settlement or compromise embodied in the Plan (including the fixing or limiting to an amount

certain of any Claims or Interests or Classes of Claims or Interests), the assumption or

rejection of executory contracts or unexpired leases effected by the Plan, and any release,

exculpation or indemnification provided for in the Plan shall be null and void.

23.     Releases, Exculpation, and Limitation of Liability.  The releases set forth

in sections 11.6 and 11.7 of the Plan are incorporated in this Confirmation Order as if set forth

in full herein and are hereby approved in their entirety.  The exculpation provision set forth in

section 11.8 of the Plan, as amended and restated by paragraph 40 hereof, is hereby approved

in its entirety.

24.     Injunction.  Except as otherwise expressly provided in the Plan, this

Confirmation Order, or a separate order of the Bankruptcy Court, on and after the Effective

Date, all Persons and Entities who have held, hold or may hold Claims against or Interests in

any or all of the Debtors, are permanently enjoined from, on account of such Claims and

Interests: (a) commencing or continuing in any manner any action or other proceeding of any

kind with respect to any such Claim or Interest against any property to be distributed under the

Plan; (b) the enforcement, attachment, collection or recovery by any manner or means of any

judgment, award, decree or order against any property to be distributed  under the Plan on

account of any such Claim or Interest; (c) creating, perfecting or enforcing any encumbrance of

any kind against the property to be distributed under the Plan on account of any such Claim or

Interest; (d) asserting any right of setoff (except to the extent such setoff was exercised prior

to the Petition Date) or subrogation of any kind against any obligation due from the Debtors

with respect to any property to be distributed under the Plan on account of any such Claim or

Interest; and (e) commencing or continuing in any manner any action or other proceeding of

any kind with respect to any claims and causes of action which are to be transferred to the Liquidating Trust. The benefit of such injunction shall extend to successors of the Debtors, including the Liquidating Trust. Except as otherwise expressly provided in the Plan, this Confirmation Order, or a separate order of the Bankruptcy Court, on and after the Effective Date, all Persons and Entities who have held, hold or may hold Claims or Interests that have been released or exculpated pursuant to the Plan (the "*Released Claims*") are permanently enjoined from: (a) commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Released Claims; (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order on account of any such Released Claims; (c) creating, perfecting or enforcing any encumbrance of any kind on account of any such Released Claims; and (d) asserting any right of setoff (except to the extent such setoff was exercised prior to the Petition Date) or subrogation of any kind against any obligation due from the Debtors on account of any such Released Claim. All holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, or principals, shall be enjoined from taking any actions to interfere with the Debtors and their respective affiliates, employees, advisors, officers and directors, or agents' implementation or consummation of the Plan. For the avoidance of doubt, nothing in this paragraph 24 shall enjoin or prohibit (i) the holder of a Disputed Claim from litigating its right to seek to have such Disputed Claim declared an Allowed Claim and paid in accordance with the distribution provisions of this Plan, (ii) the interpretation or enforcement by any party in interest of any of the obligations of the Debtors, the Liquidating Trustee, or the Liquidating Trust under this Plan, or (iii) any party under the Plan or any document, instrument, or agreement executed to implement the Plan from bringing an action to enforce

21

the terms of the Plan or such document, instrument or agreement executed to implement the Plan.

25. No Waiver of Claims. Except as otherwise expressly provided in the Plan (including in Section 11.6 thereof) or in this Confirmation Order, nothing contained in the Plan or in this Confirmation Order shall be deemed to be a waiver or the relinquishment of any rights or Causes of Action that the Debtors may have or which the Debtors may choose to assert under any provision of the Bankruptcy Code or any applicable nonbankruptcy law or rule, common law, equitable principle or other source of right or obligation, including, without limitation, (i) any and all claims against any Person or Entity, to the extent such Person or Entity asserts a crossclaim, counterclaim, and/or Claim for setoff which seeks affirmative relief against the Debtors or their officers, directors, or representatives, and (ii) the turnover of all property of the Debtors' Estates.

26. Reservation of All Rights. Except as otherwise expressly provided in the Plan (including in Sections 11.6 and 11.7 thereof) or in this Confirmation Order, nothing contained in the Plan or in this Confirmation Order shall be deemed to be a waiver or relinquishment of any claim, cause of action, right of setoff, or other legal or equitable defense. No Entity may rely on the absence of a specific reference in the Plan or the Disclosure Statement to any cause of action against it as any indication that the Debtors or the Liquidating Trustee, as applicable, will not pursue any and all available Causes of Action against them.

27. Distribution, Disputed Claim Procedures. The provisions of the Plan, including section 7, and the Liquidating Trustee Agreement governing distributions, reserves,

22

and the procedures for resolving and treating Disputed Claims under the Plan, are approved and found to be fair and reasonable.

28.     Consents and Approvals.  This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any State or any other governmental authority with respect to the implementation or consummation of the Plan and any other acts that may be necessary or appropriate for the implementation or consummation of the Plan, including the dissolution of any of the Debtors.

29.     Section 1146(a) Waiver.  Pursuant to section 1146(a) of the Bankruptcy Code, any issuance, transfer, or exchange of any security under the Plan, or the making or delivery of any instrument of transfer under the Plan shall not be taxed under any law imposing a stamp tax or other similar tax, including, but not limited to, any taxes required to be paid to Arizona or any other jurisdiction assessed on account of filings pursuant to the Uniform Commercial Code.

30.     Transfer of Privilege.  To the fullest extent permitted by law, the Debtors shall be deemed to transfer to the Liquidating Trustee all rights of the Debtors and their estates to exercise or waive any attorney-client privilege, attorney-accountant privilege, work-product privilege, or other privilege or immunity attaching to any documents or communications relating to the Remaining Assets, and the Liquidating Trustee is authorized to take all actions necessary to effectuate the transfer of such privileges. After the Effective Date, the Liquidating Trustee shall have exclusive power and authority to waive such privileges.

31.     Retention of Jurisdiction.  Notwithstanding confirmation of the Plan or the occurrence of the Effective Date, the Bankruptcy Court shall retain jurisdiction over all matters arising out of, and related to, the Chapter 11 Cases and the Plan to the fullest extent

23

permitted by law, including among other things, jurisdiction over the matters set forth in section 12 of the Plan, which provisions are incorporated herein by reference.

32.     Distribution of Cash and Interests.  This Confirmation Order shall constitute the Bankruptcy Court's prior written consent for the Liquidating Trustee to make all distributions of Cash required to be distributed under, and in accordance with, the applicable provisions of the Plan and the Liquidating Trustee Agreement.  The Liquidating Trustee may employ or contract with other entities to assist in or make the Distributions to the extent set forth in the Liquidating Trust Agreement.

33.     Failure to Reference Provisions of the Plan.  The failure to reference or discuss any particular provision of the Plan in this Order shall have no effect on the validity, binding effect, and enforceability of such provision and such provision shall have the same validity, binding effect and enforceability as every other provision of the Plan.

34.     Technical Adjustments.  Prior to the Effective Date, the Debtors may make appropriate technical adjustments and modifications to the Plan without further order or approval of this Court, provided that such technical adjustments and modifications do not adversely or materially affect the treatment of holders of Claims or Interests.

35.     Notice of Entry of Confirmation Order.   The Debtors and their authorized agent shall serve notice of (a) entry of this Confirmation Order and the Effective Date of the Plan and (b) the last date to file (i) Accrued Professional Compensation Claims, (ii) Administrative Expense Claims, and (iii) Claims arising from the rejection of executory contracts and unexpired leases on all creditors of the Debtors as of the date hereof, and other parties in interest within ten (10) Business Days from the Effective Date.  Any such notice shall make reference to the records retention procedures set forth in Section 13.8 of the Plan

24

and shall set a deadline sixty (60) days from such notice for any party or governmental unit to file a notice and request for records preservation in accordance with Section 13.8 of the Plan.

36. Inconsistency. In the event of an inconsistency between the Plan and any other agreement, instrument, or document intended to implement the provisions of the Plan, the provisions of the Plan shall govern. In the event of any inconsistency between the Plan or any agreement, instrument or document intended to implement the Plan, on the one hand, and this Confirmation Order, on the other hand, the provisions of this Confirmation Order shall govern.

37. Vacatur of Confirmation Order. If this Order is vacated, then the Plan shall be null and void in all respects, and nothing contained in the Plan shall (a) constitute a waiver or release of any Claims against or Interests in the Debtors; (b) prejudice in any manner the rights of the holder of any Claim against or Interest in, the Debtors; and (c) be deemed as an admission against interest by the Debtors.

38. Enforceability. Pursuant to Bankruptcy Code sections 1123(a) and 1142(a) and the provisions of this Confirmation Order, the Plan, the Liquidating Trust Agreement, and all plan-related documents shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

39. Provisions Relating to the IRS. Notwithstanding any provision to the contrary in the Plan, this Confirmation Order, and any documents implementing the Plan (collectively, for purposes of this paragraph, "Documents"), nothing shall: (1) affect the ability of the Internal Revenue Service ("IRS") to pursue any non-debtors to the extent allowed by non-bankruptcy law for any liabilities that may be related to any federal tax liabilities owed by the Debtors or the Estates; (2) affect the rights of the United States to assert setoff and recoupment and such rights are expressly preserved; or (3) require the IRS to file an

25

administrative claim in order to receive payment for any liability described in 11 U.S.C.

§ 503(b)(1)(B) and (C). To the extent Allowed IRS Priority Tax Claims (including any federal tax assessments, penalties, interest or additions to tax entitled to priority under the Bankruptcy Code) are not paid in full in cash on the Effective Date, such Allowed IRS Priority Tax Claims shall accrue interest commencing on the Effective Date at the rate and method set forth in 26 U.S.C. §§ 6621 and 6622. IRS Administrative Expense Claims Allowed pursuant to the Plan or section 503 of the Bankruptcy Code shall accrue interest and penalties as provided by non-bankruptcy law until paid in full. Moreover, nothing in the Documents shall: (a) be construed as a compromise or settlement of any IRS claim or interest; (b) effect a release, discharge or otherwise preclude any claim whatsoever against any Debtor by or on behalf of the IRS for any liability arising out of any unfiled tax return or any pending audit or audit which may be performed with respect to any unfiled tax return; and (c) nothing shall enjoin the IRS from amending any claim against any Debtor with respect to any tax liability arising as a result of the filing of an unfiled return or a pending audit or audit which may be performed with respect to any tax return. Further, any liability arising as a result of an unfiled return or final resolution of a pending audit or audit which may be performed with respect to any such tax return shall be paid in accordance with 11 U.S.C. §§ 1129(a)(9)(A) and (C).

40. Exculpation. Section 1.37 of the Plan is amended and restated in its entirety as follows:

> **Exculpated Parties** means (a) the Debtors, (b) the members of the Debtors' boards of directors or boards of managers, as applicable, as of the Petition Date, as well as any additional directors or members of a board of managers (if any) appointed from the Petition Date through the Effective Date, (c) the Debtors' officers or authorized signatories as of the Petition Date, as well as any additional officers or authorized signatories (if any)

26

appointed from the Petition Date through the Effective Date, and (d) the Debtors' professionals retained in the Chapter 11 Cases.

Section 11.8 of the Plan is hereby amended and restated in its entirety as follows:

Without limiting the generality of section 1125(e) of the Bankruptcy Code, upon and effective as of the Effective Date, the Debtors and their managers, officers, employees, authorized signatories who served at any time during these bankruptcy cases, and the Debtors' professionals retained in these cases, will be deemed to have solicited acceptances of this Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including section 1125(e) of the Bankruptcy Code.

Except with respect to any acts or omissions expressly set forth in and preserved by the Plan or related documents, the Exculpated Parties shall neither have nor incur any liability to any Person for any act taken or omitted to be taken between the Petition Date and the Effective Date in connection with the prosecution of the Chapter 11 Cases or the negotiation, documentation, and consummation of the Sale, and in all events, as to each exculpated person or entity, solely for their role, duty or responsibilities indirectly or directly on behalf of the Debtors in the prosecution of the Chapter 11 Cases; provided that the foregoing "exculpation" shall have no effect on the liability of any Person that results from any such act or omission that is determined in a final order to have constituted willful misconduct, gross negligence, fraud or a criminal act; provided, further, that nothing herein shall prevent each of the Exculpated Parties from asserting as a defense that they have relied in good faith upon the advice of counsel concerning his, her or its duties pursuant to, or in connection with, the Plan or any other related document, instrument, or agreement.

Dated: December 2L, 2016

_____
The Honorable Kevin J. Carey
United States Bankruptcy Judge

27