IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Case No. 16-10369 (KJC) |
| Sundevil Power Holdings, LLC, *et al.*, | ) ) | Chapter 11 |
| Debtors.[1] | ) ) | (Jointly Administered) |
| | ) ) | **Re: Docket Nos. 423 & 430** |

**NOTICE OF (A) EFFECTIVE DATE OF DEBTORS' AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION AND (B) BAR DATE FOR ADMINISTRATIVE CLAIMS, PROFESSIONAL CLAIMS AND REJECTION DAMAGE CLAIMS**

A. **Notice of Entry of Confirmation Order and Effective Date**

NOTICE IS HEREBY GIVEN that on December 22, 2016, the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") entered an order (the "**Confirmation Order**") [D.I. 430] confirming the *Debtors' Amended Joint Chapter 11 Plan of Liquidation* (as modified by the Confirmation Order, the "**Plan**") [D.I. 423] filed by Sundevil Power Holdings, LLC and SPH Holdco LLC (collectively, the "**Debtors**"). Unless otherwise defined herein, capitalized terms have the meaning ascribed to them in the Plan. The terms of the Plan, all Plan-related documents (including, but not limited to, the Plan Documents), and the Confirmation Order are valid, binding upon the Debtors, the holders of all Claims and Interests, all parties in interest, and all Persons and Entities and their respective successors and assigns, and enforceable notwithstanding any otherwise applicable non-bankruptcy law.

**NOTICE IS FURTHER GIVEN that the Plan became effective on December 23, 2016 (the "Effective Date")**.

B. **Notice of Bar Dates for Filing Administrative Claims, Accrued Professional Compensation Claims and Rejection Damage Claims**

**(1) Bar Date for Filing Administrative Claims**

NOTICE IS FURTHER GIVEN that the holder of an Administrative Claim other than (i) an Accrued Professional Compensation Claim, (ii) an expense or liability incurred but not yet due and payable in the ordinary course of business by a Debtor until after the thirtieth (30th) day after the Effective Date, (iii) an Administrative Expense Claim that has been Allowed by a final, non-appealable order of the Court or paid in full on or before the Effective Date, (iv) fees of the United States Trustee arising under 28 U.S.C. § 1930 and any applicable interest thereon, or (v) a Claim for taxes arising on or after the Petition Date, must file with the Bankruptcy Court and serve on (i) Sundevil Power Holdings, LLC, 701 East Lake Street, Suite 300, Wayzata, MN 55391 (ATTN: Raphael T. Wallander); (ii) Debtors' counsel, Drinker Biddle & Reath LLP, 222

---

[1] The Debtors in these chapter 11 cases, and their respective federal tax identification numbers, are Sundevil Power Holdings, LLC (2308) and SPH Holdco LLC (7777). The Debtors' service address is: 701 East Lake Street, Suite 300, Wayzata, Minnesota 55391.

87304077.3

Delaware Ave., Suite 1410, Wilmington, DE 19801 (ATTN: Steven K. Kortanek, Esq., Patrick A. Jackson, Esq., and Joseph N. Argentina, Jr., Esq.); (iii) the Office of the United States Trustee, 844 King Street, Suite 2207, J. Caleb Boggs Federal Building, Lockbox 35, Wilmington, Delaware 19801 (ATTN: Juliet Sarkessian, Esq.); and (iv) the Liquidating Trustee, PIRINATE Consulting Group, LLC, 5 Canoe Brook Drive, Livingston, New Jersey 07039 (ATTN: Eugene I. Davis) (the "**Liquidating Trustee**") (collectively, the "**Notice Parties**"), a request for payment of such Administrative Expense Claim so as to be received on or before **January 23, 2017** (the "**Administrative Claim Bar Date**").  Such notice must include at a minimum (i) the name of the Debtor(s) purported to be liable for the Administrative Claim, (ii) the name of the holder of the Administrative Claim, (iii) the amount of the Administrative Claim, and (iv) the basis of the Administrative Claim.  **Failure to timely file with the Bankruptcy Court and serve such a request for payment shall result in any Administrative Expensive Claims being forever barred, absent order of the Bankruptcy Court to the contrary.**

Notwithstanding any provision in the Plan regarding payment of Administrative Expense Claims to the contrary, and without waiver of any argument available that such Claim is already time-barred by prior orders of the Bankruptcy Court, absent order of the Bankruptcy Court to the contrary, all Administrative Expense Claims required to be filed and not filed by the Administrative Expense Claim Bar Date shall be deemed disallowed, shall be unenforceable against the Debtors and the Liquidating Trust, and shall not be entitled to any Distribution under the Plan.

**(2) Bar Date for Filing Accrued Professional Compensation Claims**

NOTICE IS FURTHER GIVEN that all final requests for payment of Accrued Professional Compensation Claims pursuant to sections 327, 328, 330, 331, 503(b), or 1103 of the Bankruptcy Code must be made by application filed with the Bankruptcy Court and served on the Debtors, their counsel, the Liquidating Trustee, and other necessary parties in interest no later than **February 6, 2017,** unless otherwise ordered by the Bankruptcy Court.  Objections to such applications must be filed and served on the Debtors, their counsel, the Liquidating Trustee and the requesting Professional or other entity on or before the date that is thirty (30) days (or such longer period as may be provided in the notice of the applicable fee application or on consent of the requesting Professional or other entity) after the date on which the applicable application was served. **The failure to file timely and serve such final fee application shall result in the Accrued Professional Compensation Claim being forever barred and discharged.**

**(3) Bar Date for Filing Rejection Damage Claims**

NOTICE IS FURTHER GIVEN that all executory contracts and unexpired leases are rejected as of the Effective Date, except for those that (i) previously have been assumed pursuant to a Final Order of the Bankruptcy Court (including the Sale Order), (ii) are specifically designated to be assumed in the Plan, or (iii) are the subject of a separate assumption motion filed by the Debtors prior to the Effective Date.

In the event that the rejection of an executory contract or unexpired lease by any of the Debtors results in a Rejection Damages Claim in favor of a counterparty to such executory contract or unexpired lease, absent an order of the Bankruptcy Court to the contrary, such Rejection Damages Claim, if not heretofore evidenced by a timely and properly filed Proof of

Claim, shall be forever barred and shall not be enforceable against the Debtors or their respective properties or interests in property as agents, successors, or assigns, unless a Proof of Claim is filed with the Bankruptcy Court and served upon counsel for the Debtors and the Liquidating Trustee on or before January 23, 2017. (the "**Rejection Bar Date**").  **Any such Rejection Claim(s) for which a proof of claim is not filed by the Rejection Bar Date shall be forever barred and discharged.**  Claims for rejection damages fall under Class 5 of the Plan.  Class 5 claims will not receive any distribution under the Plan.

   C. **Notice of Records Retention and Destruction Procedures.**

NOTICE IS FURTHER GIVEN that Section 13.8 of the Plan sets forth certain records retention procedures. Any party or governmental unit must file a notice and request for records preservation ("**Records Preservation Notice**") on or before **February 21, 2017**. Any such Records Preservation Notice shall include an undertaking that the requesting party will make reasonable cost-sharing provisions for staffing necessary to respond to any records inspection request, or the cost to preserve any requested records.  The Liquidating Trust shall have no obligation to make expenditures or incur liability to preserve records.  In no event shall Sundevil or the Liquidating Trustee have any obligation to preserve copies of any documents or electronically-stored information (ESI) that were transferred to the Buyers.  Notwithstanding the extinguishment of the membership interests in Holdco, following the Effective Date, on reasonable written notice to the Liquidating Trustee, authorized representatives of the former members of Holdco are entitled to inspect and to receive any documents or ESI in the possession, custody, or control of the Liquidating Trustee, subject to funding by such parties of any reasonable expenses and fees the Liquidating Trustee incurs in responding to requests of, and providing access to such documents and ESI to, such members.

NOTICE IS FURTHER GIVEN that the Confirmation Order and the Plan contain other provisions that may affect your rights.  You may obtain a copy of the Plan and/or Confirmation Order at http://www.deb.uscourts.gov, or from Sundevil Power Holdings, LLC, et al., c/o GCG P.O. Box 10267, Dublin, OH 43017-4882, Telephone: (855) 907-3217 (http://cases.gcginc.com/snd/), or by email to: SNDInfo@gardencitygroup.com.  You are encouraged to review the Confirmation Order and the Plan in their entirety and consult with your own legal advisors.

Dated: December 23, 2016　　　　**DRINKER BIDDLE & REATH LLP**
　　　　Wilmington, Delaware

　　　　　　　　　　　　　　　　　/s/ *Steven K. Kortanek*
　　　　　　　　　　　　　　　　　Steven K. Kortanek (Del. Bar No. 3106)
　　　　　　　　　　　　　　　　　Patrick A. Jackson (Del. Bar No. 4976)
　　　　　　　　　　　　　　　　　Joseph N. Argentina, Jr. (Del. Bar No. 5453)
　　　　　　　　　　　　　　　　　222 Delaware Avenue, Suite 1410
　　　　　　　　　　　　　　　　　Wilmington, DE 19801
　　　　　　　　　　　　　　　　　Tel: (302) 467-4200
　　　　　　　　　　　　　　　　　Fax: (302) 467-4201
　　　　　　　　　　　　　　　　　Steven.Kortanek@dbr.com
　　　　　　　　　　　　　　　　　Patrick.Jackson@dbr.com
　　　　　　　　　　　　　　　　　Joseph.Argentina@dbr.com

*Counsel to the Debtors
and Debtors-in-Possession*

87304077.3